42537. REYNOLDS v. LONG et al.

SUBMITTED JANUARY 10, 1967—DECIDED FEBRUARY 9, 1967.

*Robinson, Thompson, Buice & Harben, Sam A. Harben, Jr.,* for appellant.

*Telford, Wayne & Greer, Joe K. Telford,* for appellees.

Quillian, Judge. We recognize the rule that "parol evidence is inadmissible to contradict or vary the terms of a written agreement." *Rogers v. Atkinson,* 1 Ga. 12; *Superior Pine Products Co. v. Williams,* 214 Ga. 485 (106 SE2d 6). Here, however, there was no written provision as to a price limitation. Hence the evidence would not be an attempt to vary the plain and explicit provisions of a written contract as prohibited by the parol evidence rule. Instead, the principle would be applicable: "If the writing does not purport to contain all the stipulations of the contract, parol evidence shall be admissible to prove other portions thereof not inconsistent with the writing." *Code* § 38-504. *Robinson v. Odom,* 35 Ga. App. 262 (133 SE 53); *North Ga. Lumber Co. v. Lawson,* 40 Ga. App. 680 (150 SE 865); *Shubert v. Speir,* 201 Ga. 20 (38 SE2d 835); *Thomas v. Eason,* 208 Ga. 822 (69 SE2d 729); *S. & S. Builders v. Equitable Inv. Corp.,* 219 Ga. 557 (134 SE2d 777); *Code* § 20-704.

In Hite v. Aydlett, 192 N. C. 166 (134 SE 419), citing *Feltham v. Sharp,* 99 Ga. 260 (25 SE 619), the court held that in an action for services as an architect on a written contract, not definitely describing the plans to be drawn, if there was an additional oral agreement that the plans were to be drawn so that the work could be done for a specified cost, the plaintiff must show compliance with the condition, though the term was not omitted from the written contract by mutual mistake.

See Wetzel v. Roberts, 296 Mich. 114 (295 NW 580); Zannoth v. Booth Radio Stations, 333 Mich. 233 (52 NW2d 678).

The contract, in this case, provided: "the architect shall consult with the owner to ascertain the requirements of the project and shall confirm such requirements to the owner." (Art. 3.1.1). Thus, the express terms of the instant contract clearly contemplated that the parties would arrive at the construction requirements, including any price limitation thereon, by an extrinsic contemporaneous or subsequent determination.

According to the defendant's testimony the architect was informed both at the time the contract was entered into and subsequently thereto as to a price limitation. At the time of execution the owner set $70,000 as the limit and then, later on, $80,000. While the defendant stated the architect did not specifically state that the project could be completed for $80,000, he testified the architect did not deny such could be accomplished or refuse to draw the plans. Instead, according to the defendant's deposition, the architect proceeded to draw plans and specifications and continued to follow the contractual schedule.

In this connection, the plaintiff contends that even if this be allowed as evidence of a subsequent agreement, there was no consideration, thus any such purported agreement was nugatory. We find no merit in this contention. "There is no question that through a course of dealing an entirely new verbal contract may be substituted for a valid written contract, and mutual acquiescence in such course of dealing may constitute sufficient consideration for the new contract. *Hill v. Sterchi Bros. Stores,* 50 Ga. App. 193 [177 SE 353]." *Long Tobacco Harvesting Co. v. Brannen,* 98 Ga. App. 142, 149 (105 SE2d 390); s.c., 99 Ga. App. 541 (109 SE2d 90).

In the present case there was consideration flowing to the architect since the owner might determine to abandon the project, in which case the architect would only receive compensation for services completed at that stage. While if the limit was complied with, then the project would continue and the architect would be entitled to additional compensation. Art. 8.4 of the contract provides: "If any work designed or specified by

the architect during any phase of service is abandoned or suspended in whole or in part, the architect is to be paid for the service performed on account of it prior to receipt of written notice from the owner of such abandonment or suspension, together with reimbursements then due and any terminal expense resulting from abandonment or suspension for more than three months."

The defendant's testimony was sufficient to present a question for the jury whether there was an agreed limitation on the construction cost and, if so, whether the plaintiff complied with the same. The denial of the motion for summary judgment was not error.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*