44263.   DAVIS et al. v. AMERICAN ACCEPTANCE CORPORATION.

ARGUED FEBRUARY 4, 1969—DECIDED FEBRUARY 28, 1969.

*Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer,* for appellants.

*Leon A. Wilson, II,* for appellee.

DEEN, Judge. 1. The final order states that the sole objection offered by the defendants to the procedure was that they had not been served with a motion for summary judgment at least 30 days before the hearing under *Code Ann.* § 81A-156 (c), but that they did not present or offer to present any material pertinent to such motion. In other words, when the defendants found that the court was willing to receive evidence from the plaintiffs they objected to the summary judgment procedure being used but did not move for a continuance or state a readiness to prepare and file counter-affidavits or other material. This brings into question the procedural aspects of *Code Ann.* § 81A-112 (c): "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in section 81A-156, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by section 81A-156."

This latter section and Rule 56 of the Federal Rules of Civil Procedure are the same except that a motion for summary judgment under (c) requires 10 days' notice in the Federal and 30 days' notice in the State court. Failure to afford the opposite party an opportunity to submit evidence when the court elects to proceed under Federal Rule 12 (c) (the counterpart of § 81A-112 (c)) is reversible error. Pacific American Fisheries v. Mullaney, 191 F2d 137. This, under Federal rule, puts the burden on the court to offer, rather than on the opposing party to request an extension of time, which may of course be waived if it is not desired. The only reasonable assumption is that the law means that where a motion for judgment on the pleadings is converted into a motion for summary judgment, the rules applicable to the latter come into play, including the length of time allowable after notice. As to the Federal Rule, 10 days' notice of such motion (that is, the conversion of a motion for judgment on the pleadings to one for summary judgment) should be given under Rule 56. Moore's Federal Practice (2d Ed.), Vol. 2A, Rule 12, p. 2256, n. 23. This means that in State practice the party opposing the motion may, if he so desires, have 30 days' notice in which to prepare counter-affidavits. The court erred, where the defendants did not waive their right, in entering judgment against them which took into consideration evidence offered by the plaintiff.

2. It is further contended that even if the court erred in entering the summary judgment at the time it was entered the defendants' own admission, taken in connection with the pleadings and legal instruments, demanded a judgment in favor of the plaintiff. We cannot agree with this because we have no way of knowing what evidence the defendants may want to offer. Nor can we make any judgment on whether the record as it presently appears would have sustained such a conclusion. There are of course some circumstances under which a written contract may be the subject of oral novation through substitution of debtors, in which connection see *Fuller v. Holsomback,* 42 Ga. App. 483 (156 SE 460); *Reynolds v. Long,* 115 Ga. App. 182 (154 SE2d 299).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*