### 44590. HANSON v. BYERS.

PANNELL, Judge. Kenneth V. Byers brought an action against Charles R. Hanson seeking recovery of the balance due on a promissory note, copy of which was attached to the petition. The petition showed computation of interest, expenses of the foreclosure sale of the property given as security for the note, the price brought at the sale and the balance due after all charges and credits. The petition also sought attorney's fees, but this was stricken by amendment. The defendant answered, denying the allegations of all the paragraphs of the petition and further answered that he was not indebted to the plaintiff in any sum whatsoever. In answer to interrogatories propounded by the plaintiff, the defendant admitted the execution of the note sued upon and admitted that he had made no payments on it. Subsequently, plaintiff in one paper filed several motions, one for judgment on the pleadings, to strike defendant's answer, to dismiss defendant's answer, and

for summary judgment against the defendant in the sum sued for. Rule nisi issued on February 13, 1969, on said motions and hearing was set for the 21st day of March, 1969. Defendant served interrogatories on the plaintiff on March 14, 1969. On March 25, 1969, at the hearing on the motions, the trial judge granted the plaintiff's motion for summary judgment and rendered judgment against the defendant for the principal and interest sued for. On April 7, 1969, the defendant filed an affidavit in response to the motion for summary judgment attaching thereto what purports to be an agreement signed by the plaintiff which defendant appellant contends prevented the note from maturing. On the same date he filed an amendment to his answer by alleging that he was "not indebted to the plaintiff in any sum whatsoever, there being other agreements involved which show that the defendant is not indebted to plaintiff," and pleading further "that there is in existence a Superior Court of Fulton County order awarding this property to plaintiff's wife" and "that the note sued on is not the complete transaction and at the time foreclosure was instituted debt was not due" and on the same date filed his motion to set aside and vacate the summary judgment rendered based upon his alleged right to have answers to his interrogatories, which, if answered, he claims would disclose issues to be passed on by a jury. The trial court overruled the motion and the defendant appeals to this court. *Held:*

1. Enumerations of error 1, 2 and 5 depend upon the fact of an oral request having been made by defendant's counsel, at the hearing on the motion for summary judgment, that the defendant be required to answer the interrogatories prior to a decision on the motion. The record not disclosing that such oral request was made or any other request for additional time to present evidence, these enumerations present no question for decision.

2. While, where there is only a motion for judgment on the pleadings under consideration, which motion is converted into a motion for summary judgment by the presentation of matters outside the pleadings not excluded by the court, the trial judge must give reasonable opportunity to the opposing party to present all material pertinent to such motion (*Davis v. American Acceptance Corp.*, 119 Ga. App. 265 (1) (167 SE2d 222); Sec. 12 (c) of the Civil Practice Act (Ga. L. 1966, pp.

609, 622; *Code Ann.* § 81A-112) ; Pacific American Fisheries v. Mullaney, 191 F2d 137), yet where, as in the present case, the motion filed and heard also contained a motion for summary judgment as well as a motion for judgment on the pleadings and the motion for summary judgment was the only motion ruled upon, there is no requirement that the trial court offer to give the opposing party a reasonable opportunity to secure evidence or materials as the opposing party has already had notice that such would be required. The record here not disclosing that the appellant sought additional time to secure evidence or materials, no error in this regard is shown.

3. The affidavit, the amendment to the answer and the motion to require the plaintiff to answer the interrogatories propounded by the defendant, all filed and presented after the order granting the motion for summary judgment, came too late and furnish no ground requiring the vacating of the summary judgment in favor of the plaintiff even though such motion be made during the same term. The trial court did not err in overruling the motion to set aside the judgment.

4. Under the pleadings and the answers given by the appellant defendant to the interrogatories of the plaintiff, the pleadings of defendant appellant were pierced and in the absence of counter evidence or materials from the defendant, the plaintiff was entitled to summary judgment and the trial court did not err in granting the same and rendering judgment for the plaintiff and against the defendant for the amount sued for.

5. Since the judgment is affirmed, we have passed over any question as to whether or not the brief of the appellant sufficiently refers to the portions of the record necessary to a consideration of the alleged errors presented. See in this connection *Holland v. Watson*, 118 Ga. App. 468 (3) (164 SE2d 343).

*Judgment affirmed. Quillian and Evans, JJ., concur.*

Submitted July 7, 1969—Decided September 12, 1969.

*Linus L. Zukas,* for appellant.
*James L. Mayson,* for appellee.