## 56465. JAYNES et al. v. DOUGLAS.

Deen, Presiding Judge.

Plaintiffs in the court below bring this appeal from an order of the trial court granting defendant Douglas' motion to dismiss him as a defendant. The order states that the motion was brought pursuant to CPA Rule 12 (b), (Code Ann. § 81A-112 (b)), and the court states that it made its rulings based upon evidence heard in chambers. Appellant contends that it was not served with notice of the motion, that the hearing of evidence by the trial judge required that the motion be treated as one for summary judgment and they must be given thirty days to present material pertinent to such a motion. Appellant also filed a motion to reconsider and a motion to set aside accompanied by supporting affidavits of appellant's attorneys stating that they had not received notice of appellee's motion. The record shows that the motion was filed on April 17, 1978, and that the hearing was held on May 11, 1978. *Held:*

"On the hearing on the motion to dismiss the complaint because of failure to state a claim, evidence was introduced and admitted by the court, converting the motion to dismiss to one of summary judgment. [Cits.]"

*Newsrack Supply, Inc. v. Heinle,* 127 Ga. App. 843 (195 SE2d 193) (1973). As the motion was converted to one for summary judgment, appellant did not have thirty days notice of the motion as required under CPA Rule 56 (Code Ann. § 81A-156). *Davis v. American Acceptance Corp.,* 119 Ga. App. 265 (167 SE2d 222) (1969). Accordingly, it was error for the trial court to grant appellee's motion without adequate notice to opposing counsel.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 23, 1978.

*Howard Tate Scott, Guy B. Scott, Jr., John K. Larkins, Jr.,* for appellants.

*Michael R. Jones,* for appellee.