appellees.

## 57668. MYERS v. McLARTY.

McMurray, Presiding Judge.

This case involves a complaint by one lawyer against another alleging that as counsel for a plaintiff in divorce proceedings he had recovered alimony on behalf of such plaintiff and held a fi. fa. for attorney fees and that he had filed a garnishment action for the purpose of collecting same. He contends the defendant attorney has wrongfully intermeddled in said garnishment proceeding in which plaintiff was counsel of record by writing a letter to the clerk of the state court where the garnishment proceeding was filed authorizing a complete release of the garnishment proceeding. He contends further that defendant failed to notify him of his actions, and the conduct of the attorney in causing the ex parte release of garnishment and dissipation of funds allegedly resulting therefrom was a gross violation of the disciplinary standards of the State Bar of Georgia, as well as the standards of ethics, practice and customs of members of the Bar. Plaintiff seeks judgment for general and exemplary damages by reason of the intentional interference by the defendant with plaintiff's property rights.

The defendant answered denying the claim in its entirety and filed numerous separate distinct defenses, including lack of jurisdiction of the person and subject matter, improper venue, the lack of an indispensable party to the action and other affirmative defenses, as well as a failure to state a claim upon which relief could be granted. A motion for hearing on these defenses was filed pursuant to Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). The motion contends the court should hear and determine the legal sufficiency of the defenses asserted and if found to be sufficient to dismiss the complaint on the merits. Attached thereto was an affidavit of the defendant setting forth elements of

residency in Oconee County rather than DeKalb County where this suit was filed. Other exhibits were attached to the motion but same were not certified as court records. A separate motion to dismiss was also filed which alleged lack of jurisdiction, failure to state a claim, failure to join an indispensable party and that plaintiff's complaint fails to show he has been damaged. The motion to dismiss came on for hearing, and the movant set forth the reasons why the complaint should be dismissed and advised that defendant desired to have the court hear oral evidence thereby causing the motion to be treated as one for summary judgment under Code Ann. § 81A-112 (b) (c), supra. Whereupon counsel for plaintiff objected to that procedure, that if it was treated as a motion for summary judgment it should be done by affidavit in accordance with the law "as the Code provides, or by deposition." The court then heard argument on the matter and authorized the defendant to call the plaintiff as a witness for cross examination. At the conclusion of the hearing the court ruled on defendant's motion to dismiss the complaint, which set forth the ground that it failed to state a claim after matters outside the pleading had been considered by the court, and held that there was no genuine issue as to any material fact, and defendant was entitled to judgment as a matter of law. The defendant's motion was granted, and the complaint was dismissed on the merits. Plaintiff appeals. *Held:*

Generally, when a motion to dismiss involves a factual issue as to a question of abatement, that is, lack of jurisdiction, improper venue, insufficiency of process, insufficiency of service of process or failure to join a party, the trial court is authorized under Code Ann. § 81A-112 (d) to hear and determine these defenses before trial without a jury on application of any party, "unless the court orders that the hearing and determination thereof be deferred until the trial." "Nor can it [matters in abatement] be treated as one for summary judgment." See *Watts v. Kegler,* 133 Ga. App. 231, 233 (211 SE2d 177). See also *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); *Sherwood Memorial Park, Inc. v. Bryan,* 142 Ga. App. 664 (236 SE2d 903). However, in summary judgment hearings under Code Ann. § 81A-112 (b) and (c), supra, as

well as § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759), the evidence must demand a finding that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. But there must be proper notice of a motion for summary judgment. *Jaynes v. Douglas,* 147 Ga. App. 678 (250 SE2d 14); *Davis v. American Acceptance Corp.,* 119 Ga. App. 265 (167 SE2d 222). If it is to be heard on oral testimony, proper notice must be given to the opposite party unless same is waived. Here there was no waiver by the plaintiff in having testimony presented at the hearing. See *Keating v. Dept. of Natural Resources,* 140 Ga. App. 796, 797 (1) (232 SE2d 84); *Johnson v. Aetna Finance, Inc.,* 139 Ga. App. 452, 453 (228 SE2d 299); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 172 (3), 178-179 (166 SE2d 593).

The trial court was not authorized to call the plaintiff here for oral cross examination over objection, and the trial court erred in sustaining defendant's motion to dismiss plaintiff's complaint on the merits. As stated in *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 178, supra, the statute provides for the grant of the motion for summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c), supra.

Examination of the record here, without consideration of the transcript of the oral cross examination of the plaintiff, fails to establish that the defendant was entitled to judgment as a matter of law in treating the motion to dismiss "as one for summary judgment and disposed of as provided in section 81A-156." Code Ann. § 81A-112 (c), supra. The opposite party was not given a reasonable opportunity to have the matter heard as one for summary judgment and did not agree to a hearing by oral testimony.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 22, 1979.

*Paul C. Myers, Sarah Mallas Wayman,* for appellant.
*Brenda G. Holbert,* for appellee.