S00G1083. COX ENTERPRISES, INC. et al. v. NIX.
(538 SE2d 449)

CARLEY, Justice.

Louis Levenson and Franklin Nix are attorneys. Alleging claims for defamation and tortious interference with contractual relations, Levenson brought suit against Nix. He also sought to enjoin Nix from soliciting his clients. After a hearing, the trial court granted a temporary restraining order (TRO) and, from the bench, reproached Nix for his conduct in attempting to lure Levenson's clients. Cox Enterprises, Inc., d/b/a The Atlanta Journal-Constitution published two newspaper articles about disciplining attorneys entitled "Rogue Lawyers," which included a reference to the lawsuit against Nix and the public reprimand given him by the trial court.

Nix brought suit against Cox Enterprises and its assistant editor Rochelle Bozman (Defendants), alleging, among other claims, that the articles were libelous. Although Nix's complaint referred to the record in Levenson's lawsuit, he did not attach a copy of that record to his pleading. Defendants answered, asserting that the articles were true and privileged as a fair and honest report of a court proceeding. Defendants also moved to dismiss the complaint for failure to state a claim, and attached to their motion voluminous exhibits,

including the entire record of Levenson's legal action. In opposition to Defendants' motion, Nix filed a response to which he attached numerous exhibits, and in which he urged the trial court to read the entire transcript of the TRO hearing. The trial court granted the motion, and Nix appealed. He did not challenge the procedures utilized below, but urged that, on the merits, his complaint stated a claim against Defendants and that the trial court erred in dismissing it under OCGA § 9-11-12 (b) (6).

The Court of Appeals did not address Nix's enumeration of error. Instead, it vacated the dismissal order, and remanded on the procedural ground that the trial court considered matters outside of the pleadings without first giving Nix notice that Defendants' motion would be treated as one for summary judgment. *Nix v. Cox Enterprises*, 242 Ga. App. 515 (529 SE2d 426) (2000). The Court of Appeals directed the trial court to reconsider the motion to dismiss and, if matters outside the pleadings again were considered so as to convert the motion to one for summary judgment, to give Nix notice and opportunity to present evidence in opposition thereto. We granted certiorari to consider whether Nix's submission of evidence in response to the OCGA § 9-11-12 (b) (6) motion to dismiss constituted a waiver of notice that the motion would be converted to one for summary judgment.

If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by" that code section. OCGA § 9-11-12 (b). Under OCGA § 9-11-56 (c), a motion for summary judgment "shall be served at least 30 days before the time fixed for the hearing." Thus, when a trial court opts to convert a motion to dismiss for failure to state a claim into one for summary judgment, "the party opposing the motion may, if he so desires, have 30 days' notice in which to prepare" evidence in opposition. *Davis v. American Acceptance Corp.*, 119 Ga. App. 265, 267 (1) (167 SE2d 222) (1969). In accordance with this procedure, the trial court had the burden of informing Nix that it would consider the exhibits attached to Defendants' motion to dismiss and that, as the consequence, he would have no less than 30 days within which to submit his own evidence in response to their motion for summary judgment. *Davis v. American Acceptance Corp.*, supra at 267 (1). See also *Myers v. McLarty*, 150 Ga. App. 432, 434 (258 SE2d 56) (1979). However, the 30-day notice could "of course be waived if it [was] not desired." *Davis v. American Acceptance Corp.*, supra at 267 (1).

In responding to the motion to dismiss, Nix did not object to Defendants' reliance upon evidence, but instead submitted his own

material and also requested the trial court to consider the transcript of the TRO hearing. Thus, Nix acquiesced in Defendants' submission of evidence in support of their motion to dismiss and also, in effect, requested that the motion be converted into one for summary judgment. See *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (2) (511 SE2d 538) (1999). "Hence, all parties and the court treated the motion to dismiss as one for summary judgment. . . ." *Richmond Leasing Co. v. First Union Bank*, 188 Ga. App. 843, 845 (2) (374 SE2d 746) (1988). The trial court is not required to give the party opposing the motion an opportunity to obtain evidence or materials if "the opposing party has already had notice that such would be required." *Hanson v. Byers*, 120 Ga. App. 298, 300 (2) (170 SE2d 315) (1969). Where, as here, both parties submit evidence in connection with a motion to dismiss for failure to state a claim, "there is no indication of prejudice due to the trial court's failure to give notice of the actual nature of the pending action." *Robison v. Green*, 228 Ga. App. 27, 28 (1) (491 SE2d 95) (1997).

Under the circumstances, Nix waived any formal notice from the trial court that it would consider the motion to dismiss as one for summary judgment, and he consistently maintained that position on appeal by failing to enumerate any error as to the procedural disposition of the motion. *Robison v. Green*, supra at 28 (1). Therefore, the Court of Appeals erred in addressing that issue sua sponte, and the judgment of that Court is reversed and the case is remanded with direction to "address the merits of the appeal, treating the asserted dismissal as a grant of summary judgment." *Robison v. Green*, supra at 28 (1).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

*Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde, Lawrence P. Auld*, for appellants.

*Garland, Samuel & Loeb, Edward T. M. Garland, Nelson O. Tyrone III*, for appellee.