## A01A1412. SIMMONS v. BRADY et al.
(555 SE2d 94)

BARNES, Judge.

After learning he was not the father of Karen Brady's child, for whom he had paid more than five years of child support, John Simmons sued Brady, asserting eight causes of action. He appeals the trial court's grant of summary judgment to Brady on seven of the eight counts. Because the trial court failed to give Simmons notice and opportunity to present evidence on the converted motion for summary judgment, we vacate the judgment and remand this case

---

for further proceedings.

1. The standard used to evaluate a summary judgment is whether a movant has shown that no genuine issue of material fact exists, and that the undisputed facts, viewed in the light most favorable to the respondent, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The standard to determine a motion to dismiss is quite different, however; the court must accept the plaintiff's claims as true and determine whether the complaint states a cause of action. *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).

While the trial court may, on its own motion, convert a motion to dismiss into a motion for summary judgment, it must insure that the respondent to the motion has a "full and final opportunity" to controvert the assertions against him. *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93 (2) (483 SE2d 602) (1997). This opportunity consists of notice that the motion will be converted and an opportunity to submit evidence and be heard within 30 days. OCGA §§ 9-11-12 (b); 9-11-56; *Bays v. River Oaks Constr.*, 244 Ga. App. 401, 402-403 (1) (535 SE2d 543) (2000).

In this case, the record shows that Brady filed a verified answer denying everything Simmons alleged in his complaint. She then filed a motion, titled a motion to dismiss, on numerous grounds: failure to state a claim, violation of public policy, waiver and release, res judicata, statute of limitation, unclean hands, and laches. Attached to the motion were an uncertified copy of the parties' divorce complaint, a certified copy of the order modifying Simmons' visitation rights, an affidavit from a geneticist who concluded that Simmons was not the child's father based on DNA analysis, and an uncertified copy of the final adoption order that terminated Simmons' parental rights to the child. Nowhere in the motion to dismiss did Brady argue the merits of Simmons' fraud or false swearing claims.

Simmons responded to the motion with his affidavit, verifying the allegations in his 46-page complaint and stating that he was not aware Brady had sexual relations with anyone else during their relationship or that she had "promiscuous tendencies."[1] If he had been aware of these things, Simmons said, he would have sought a paternity test. Simmons also included with his motion an uncertified notice from the Child Support Recovery Unit in which Brady averred she had no sex with anyone but Simmons within 90 days before or after her conception, as well as a transcript of the adoption proceedings.

---

[1] Brady made this statement in the portion of her brief in which she argued Simmons' complaint was barred by a release he executed in the divorce action.

The trial court converted Brady's motion to dismiss into a motion for summary judgment and, "[a]fter considering the entire case file, briefs and argument of counsel," granted summary judgment to Brady on all counts except the claim for intentional infliction of emotional distress. As to Count 1, the fraud count, after reciting the essential elements of an action for fraud and deceit, the court held:

> Taking the "facts" as alleged by the Defendant as being true the claimed cause of the action for fraud is without merit, and is hereby dismissed. The Court is not considering conclusions, opinions and innuendo contained in the Plaintiff's Complaint. As a matter of law, the Court determines that at the time the Defendant made a claim that the child in question was that of the Plaintiff, she did not know the claim was false; and the Plaintiff did not reasonably rely on such a claim. The Plaintiff had equal ability with the Defendant to ascertain the parentage of the child. He could have obtained an HLA test or DNA test to establish the child's paternity. He knew the Defendant was an "exotic dancer," had just participated in an illicit relationship with another man and had had six or seven abortions. This should have put him on notice that she was promiscuous and that there was a real possibility that he was not the child's father. He chose to ignore the facts and was not reasonable in relying on the Defendant's statements.

The trial court then held that, because Simmons cannot prove fraud, Brady was entitled to summary judgment on the claims of fraud, unjust enrichment, fraudulent and negligent breach of contract, and rescission of contract by fraud. The trial court did not discuss the claim for negligent infliction of emotional distress, although it granted summary judgment to Brady on that count. It further denied Brady's motion for summary judgment on Simmons' claim for intentional infliction of emotional distress. Finally, the trial court granted summary judgment to Brady on Simmons' false swearing count, concluding that OCGA § 51-5-8 bars Simmons from pursuing that claim because the alleged false swearing was contained in court pleadings.

Pretermitting whether the trial court correctly concluded that evidence Brady was an exotic dancer, had previous illicit affairs, and had undergone abortions — evidence which did not appear in the record — would be sufficient as a matter of law to establish that Simmons did not reasonably rely on Brady's representations regarding her child's paternity, we must vacate and remand this case. The record outlined above shows that Simmons had no notice the trial

court planned to convert the motion to one for summary judgment on the fraud or false swearing issues and no opportunity to submit evidence and be heard within 30 days on these issues.

> Nothing in *Lau's Corp.*, [supra], places a burden on a plaintiff to respond to issues which are not raised in the motion for summary judgment or to present its entire case on all allegations in the complaint — even on issues not raised in the defendants' motion. . . . The issues that must be rebutted on motion for summary judgment are those raised by the motion. Consequently, [Simmons] was not required to present proof on all matters raised in his complaint until appellees pierced his complaint on those issues.

*Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).

Unlike the situation in *Cox Enterprises v. Nix*, 273 Ga. 152 (538 SE2d 449) (2000), Simmons' submission of evidence in response to the motion to dismiss did not constitute a waiver of notice that the motion would be converted to one for summary judgment, because neither party raised or briefed the issues on which the trial court ruled. Further, unlike the situation in *Cox Enterprises*, Simmons did not have the opportunity to contest this issue in the trial court and has raised this procedural issue on appeal; thus, we do not reach it sua sponte.

2. We further note that the trial court granted summary judgment to Brady on Simmons' fraud claim, holding that "[t]aking the 'facts' as alleged by the Defendant as being true the claimed cause of the action for fraud is without merit, and is hereby dismissed." This is not the correct standard to determine a motion to dismiss, in which the court must take the *plaintiff's* claims as true before determining whether the complaint states a cause of action. *Mooney v. Mooney*, supra. It is also not the correct standard to determine a motion for summary judgment, in which the trial court must determine whether the moving party has demonstrated that no genuine issue of material fact exists for jury determination and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, supra.

The judgment in this case is hereby vacated and the case remanded with the direction that the trial court reconsider the motion to dismiss. If the trial court again determines that matters outside the record are to be considered and the motion to dismiss is converted to a motion for summary judgment, Simmons shall then be given the requisite statutory notice and opportunity to present evidence before any ruling on the motion.

*Judgment vacated and remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 4, 2001.

*Stephen M. Worrall*, for appellant.
*Perrotta & Cahn, Anthony N. Perrotta, Brian R. Cahn*, for appellees.