# CIRCUIT COURT OF THE CITY OF RICHMOND

David W. Crowder

v.

Gastrointestinal
Specialists, Inc.,
and Louis G. Gelrud

September 26, 2005

Case No. LS-273-1

BY JUDGE MELVIN R. HUGHES, JR.

There is an issue on the retrial of this medical malpractice case of whether one of Defendant's medical witnesses whose testimony will be presented via a deposition will be able to state that the etiology of Plaintiff's condition is "uncertain." More specifically, the witness was asked to state what he recorded in the medical record upon and after his examination of Plaintiff at a hospital emergency room as to the cause of Plaintiff's onset of blindness. The proffered notation and the witness' testimony, consistent with the record as noted, state that Plaintiff's condition of blindness, allegedly caused by Defendant's negligence, is "cause uncertain." The parties dispute whether, under the provisions of Va. Code § 8.01-399(F), the note and testimony is admissible.

Va. Code § 8.01-399(B) provides:

> If the physical or mental condition of the patient is at issue in a civil action, the diagnosis or treatment plan of the practitioner, as documented in the patient's medical record, during the time of the practitioner's treatment, together with the facts communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination or treatment shall

be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action. . . . Only diagnosis offered to a reasonable degree of medical probability shall be admissible at trial.

The Supreme Court has said the following regarding the statutes purpose:

The purpose of this statute is to define the scope of discovery and trial testimony that may be required of a treating physician when the physical or mental condition of a patient is at issue in a civil action. The plain language of the statute places within the scope of discoverable and admissible information the diagnosis or treatment plan of the treating physician as documented in the patient's medical record. Also within the scope of discoverable and admissible information are the facts communicated to the treating physician and any other facts learned by that physician in connection with the care of the patient.

*Pettus, etc. v. Gottfried, etc.*, 269 Va. 69, 77 606 S.E.2d 819, 824 (2005).
Defendant argues that, due to a recent amendment of Va. Code § 8.01-399(F), the evidence is admissible. Plaintiff argues, notwithstanding the recent amendment, the evidence is not admissible. The Statute reads:

Nothing herein shall prevent a duly licensed practitioner of the healing arts, or his agents, from disclosing any information that he may have acquired in attending, examining, or treating a patient in a professional capacity where such disclosure is necessary in connection with the care of the patient, the protection or enforcement of a practitioner's legal rights including such rights with respect to medical malpractice actions, or the operations of a health care facility or health maintenance organization or in order to comply with state or federal law. (Code 1950, § 8-289.1; 1956, c. 446; 1966, c. 673; 1977, c. 617; 1993, c. 556; 1996, cc. 937, 980; 1998, c. 314; 2002, cc. 308, 723; 2005, cc. 649, 692.)

The amendment substituted the word "a" for "the" preceding "practitioner's legal rights." Defendant argues that the change permits a witness to testify in support of the Defendant's position at trial as to causation. The amendment makes the testimony non-specific to the witness testifying, as such testimony

lends itself to the "enforcement of a practitioner's legal rights including such rights with respect to medical malpractice actions," which includes the Defendant.

Plaintiff, on the other hand, takes the view that the change does not permit introduction of opinions because the first part of the subsection refers strictly to "information acquired." The documentation "cause uncertain" is not information the doctor-witness acquired from the patient because it is an opinion or assessment only the doctor can make.

However, the court has said that "causation" is an integral part of a medical diagnosis. *John v. Im*, 263 Va. 315, 555 S.E.2d 94 (2002), and *Combs v. Norfolk & Western Ry.*, 256 Va. 490, 507 S.E.2d 355 (1998). Thus, the discussion of Va. Code § 8.01-399(F) is not immediately pertinent. The (B) part of the statute permits a treating physician to testify about "diagnoses" which includes causation under the referenced cases, as long as it is given under a "reasonable degree of medical probability," as required.

Here, I am not aware that Dr. Brush testified accordingly. If he did not, then his testimony concerning causation is not admissible.