A06A0394. MORRELL et al. v. WELLSTAR HEALTH SYSTEM, INC. et al.

(633 SE2d 68)

ANDREWS, Presiding Judge.

Michael Morrell and William C. Morrell sought and received medical care at Douglas Hospital, Inc. without having private medical insurance or benefits under Medicare or Medicaid government programs to cover the charges for the care. After being individually charged for the care, the Morrells sued Wellstar Health System, Inc. and its affiliate, Douglas Hospital, Inc. (collectively referred to as Wellstar Health), alleging that Wellstar Health overcharged them for the medical care at rates grossly in excess of the rates charged to private medical insurers, or to Medicare/Medicaid benefit programs, for the same medical care provided to their covered patients. In addition to seeking class action certification to represent similarly situated Wellstar Health patients, the complaint alleged in nine counts that Wellstar Health's overcharges for the medical care: breached implied contractual obligations requiring the charge of reasonable rates for medical care (Count 1); violated the Uniform Deceptive Trade Practices Act (Count 2); constituted unjust enrichment justifying the imposition of a constructive trust on profits wrongfully obtained by overcharging (Count 3); justified imposition of injunctive and declaratory relief prohibiting the overcharges and efforts to collect the charges (Count 4); constituted fraud, constructive fraud, and negligent misrepresentation (Counts 5, 6, and 7); breached fiduciary duties owed to patients (Count 8); and constituted negligence and negligence per se (Count 9).

Wellstar Health moved pursuant to OCGA § 9-11-12 (b) (6) for dismissal of the complaint for failure to state a claim upon which relief can be granted. The trial court granted the motion by dismissing all counts of the complaint, and the Morrells contend on appeal that the trial court erred in dismissing Counts 1, 2, 3, 4, and 8.[1] For the reasons that follow, we affirm.

1. As an initial matter we note that, in ruling on the motion, the trial court elected to consider identical written documents prepared by Wellstar Health and signed by Michael and William Morrell by which they consented to and agreed to pay for the medical care. A copy of the document signed by the Morrells was submitted by Wellstar Health in support of its motion to dismiss. The substance of the document was not incorporated into the complaint, nor was a copy of the document attached as an exhibit to the complaint, so it was clearly a matter outside of the Morrells' pleadings. *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 207-208 (541 SE2d 33) (2000); *Hoffman v. PMC Dev. Co.*, 238 Ga. 258 (232 SE2d 541) (1977). When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000); OCGA § 9-11-12 (b). The record does not show that the trial court gave the required notice, but the party opposing the motion may waive the right to the 30-day notice by acquiescing in the movant's submission of evidence in support of the motion to dismiss. *Cox Enterprises*, 273 Ga. at 153-154. The record shows that the Morrells acquiesced in the submission of this evidence by conceding they signed the documents and by urging the trial court and this Court to consider the documents. All the parties, in effect, treated the motion to dismiss as being converted to a motion for summary judgment, and no party was denied an opportunity to respond to evidence submitted. Id. at 154. Under these circumstances, there is no indication of prejudice despite the trial court's failure to give notice of the conversion, and the Morrells "waived any formal notice from the trial court that it would consider the motion to dismiss as one for summary judgment." Id.

Because Wellstar Health's motion to dismiss for failure to state a claim was converted by law to a motion for summary judgment and

---

[1] The Morrells abandon their claims under Counts 5, 6, 7, and 9.

granted by the trial court, the standard of review as to the issues on appeal is whether the record supports the conclusion that there was no genuine issue of material fact, and that viewing the evidence in the light most favorable to the Morrells, Wellstar Health was entitled to judgment as a matter of law. OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. The Morrells contend that the trial court erred by dismissing their breach of contract claims. It is undisputed that, prior to receiving medical care, the Morrells entered into identical written contracts with Wellstar Health by which they each consented to the medical care they received and agreed to pay for the care. As set forth in Division 1, supra, the contracts at issue were submitted as evidence and considered by the trial court in granting summary judgment in favor of Wellstar Health. With respect to the agreement to pay for medical care charges, each contract provided in relevant part: "I have not presented any evidence of insurance coverage to Wellstar Health System for my services today. I accept full financial responsibility for all charges incurred for services received today." It is also undisputed that, pursuant to these contractual agreements, Wellstar Health charged the Morrells for the provided medical care at its so-called "chargemaster" rates, which are standard rates higher than the rates charged by Wellstar Health for the same medical care provided to patients whose care is covered by private medical insurance or Medicare/Medicaid benefits.[2]

In their breach of contract claims, the Morrells contend that, although the written contracts were sufficiently defined to be binding contracts for payment of charges for medical care, the agreement to pay for "all charges" for medical care, without setting forth the specific charges, showed there was a lack of agreement as to the price terms in the contracts. The Morrells argue that, in the absence of an agreement on the amount to be charged, these were "open price" contracts which contained an implied agreement for Wellstar Health to charge a reasonable amount for the medical care, and that Wellstar Health breached the contracts by charging more than was reasonable under the circumstances. They also claim that the amounts charged by Wellstar Health breached an implied contractual duty of good faith and fair dealing.

In construing the contracts at issue, the trial court correctly found that these claims failed as a matter of law because the parties agreed to the charges made by Wellstar Health for the provided

---

[2] Michael Morrell was charged $1,845 for medical care he received during two hospital admissions in June 2004, and William C. Morrell was charged $8,709.50 for medical care he received during one hospital admission in April 2004.

medical care. Construction of the contracts presented a question of law for the court, unless the contracts contained an ambiguity that could not be resolved by the rules of construction. *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce*, 238 Ga. 551, 553 (233 SE2d 753) (1977); *Imerys Marble Co. v. J. M. Huber Corp.*, 276 Ga. 401, 403 (577 SE2d 555) (2003). The cardinal rule of contract construction is to ascertain the intent of the parties, and "[w]here the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." (Citation and punctuation omitted.) *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 527 (543 SE2d 32) (2001). Moreover, statutory provisions related to the contract construction must be considered a part of the contract. "The laws which exist at the time and place of the making of a contract, enter into and form a part of it; and the parties must be presumed to have contracted with reference to such laws and their effect on the subject matter." (Citations and punctuation omitted.) Id.

Applying these principles, the trial court found that the contracts by which the Morrells agreed to pay for "all charges" for medical care provided by Wellstar Health must be construed in light of the statutory requirements set forth in OCGA § 31-7-11 (a) for providing patients with a "[w]ritten summary of hospital charge rates." OCGA § 31-7-11 (a) provides that, upon request, a hospital must provide patients with a written summary of hospital charges "composed in a simple clear fashion so as to enable consumers to compare hospital charges and make cost-effective decisions in the purchase of hospital services." Although the statute provides a list of the types of charges that must be provided in the written summary — such as admission charges; daily room rates; emergency, operating and recovery room charges; anesthesia charges; intravenous administration charges; routine tests (including blood count, urinalysis, and chest X-ray), and specific special tests (including electrocardiogram, electroencephalogram, various CAT scans, spirometry, and complete pulmonary function) — the statute also specifically states that the written summary is not limited to the listed charges. The statute clearly required that Wellstar Health maintain and make available upon request a written summary of its charges to patients or other consumers for all medical care, whether the charges are at the "chargemaster" rates applied by Wellstar to the Morrells, or at other rates charged for medical care covered by insurance or government-provided benefits.[3] The intent of

---

[3] To promote health care cost containment while preserving quality of care, the Georgia Legislature encourages private insurers to negotiate with hospitals to charge lower rates for medical care provided to covered patients (OCGA § 33-30-20 et seq.), just as federal law

the statute is to provide pricing transparency to contracts for medical care between hospitals and patients where it is difficult or impossible to know in advance what care will be necessary.

The Morrells do not contend that the written summary required by OCGA § 31-7-11 (a) did not exist or that Wellstar Health refused to make it available. Under the rules of contract construction, OCGA § 31-7-11 (a) became a part of the contracts at issue, and the Morrells and Wellstar Health were presumed to have contracted with reference to the statute and its effect on the contracts. *Magnetic Resonance Plus*, 273 Ga. at 527. So construed, each contract referred to a written summary, maintained by Wellstar Health and available at the request of the Morrells, containing the "chargemaster" charges applied to the medical care provided to the Morrells by Wellstar Health. "[T]he sum of money to be paid for performance of services under a contract should be definitely and objectively ascertainable from that contract." (Citations omitted.) *Arby's, Inc. v. Cooper*, 265 Ga. 240, 241 (454 SE2d 488) (1995). The rules of contract construction enabled the trial court to conclude that the agreement in the contracts to pay for "all charges" unambiguously referred to the written summary of specific charges required by OCGA § 31-7-11 (a) which established the price terms on which the parties intended to bind themselves. *Davidson Mineral Properties v. Baird*, 260 Ga. 75, 79 (390 SE2d 33) (1990); *Southern Land, Timber & Pulp Corp. v. Davis & Floyd Engineers, Inc.*, 109 Ga. App. 191, 196 (135 SE2d 454) (1964). It follows that the Morrells and Wellstar Health agreed to contracts for payment of all charges for medical care provided at the "chargemaster" rates, and Wellstar Health did not breach the contracts by charging those rates.[4] *Cox v. Athens Regional Med. Center*, 279 Ga. App. 586, 590-591 (631 SE2d 792) (2006). The Morrells also contend that Wellstar Health's charges for medical care violated implied covenants in the contracts for good faith and fair dealing. Although each contract to pay for medical care contained an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract. *Stuart Enterprises Intl. v. Peykan, Inc.*, 252 Ga. App. 231, 234 (555 SE2d 881) (2001). Accordingly, the trial court properly granted summary judgment in

---

provides for lower rates of reimbursement to hospitals for medical care provided to those covered by Medicare/Medicaid benefits. 42 USC § 1395 et seq.; 42 USC § 1396 et seq.

[4] Because we find that the parties reached an agreement as to price, we need not address claims that the parties failed to agree on price terms, and therefore the contracts were "open price" with implied agreements to charge a reasonable price.

favor of Wellstar Health on the breach of contract claims in Count 1.[5] *Cox*, 279 Ga. App. at 590-591; *Lau's Corp.*, supra.

3. The Morrells contend the trial court erred by dismissing their claim in Count 2 of the complaint alleging that Wellstar Health violated the Uniform Deceptive Trade Practices Act (UDTPA) (OCGA § 10-1-370 et seq.). In this claim, the Morrells assert that Wellstar Health violated the UDTPA because it was unreasonable and deceptive to charge them more for medical care than the amounts charged to patients covered by insurance or Medicare/Medicaid benefits without disclosing the differences in pricing. According to the Morrells, this conduct violated the prohibition in OCGA § 10-1-372 (a) (12) against a deceptive trade practice which "similarly creates a likelihood of confusion or of misunderstanding." The word "similarly" in subsection (a) (12) means a trade practice that creates confusion or misunderstanding in a manner similar to the conduct prohibited in subsections (a) (1) thru (a) (11) of OCGA § 10-1-372, which generally bar deceptive trade practices involving fraudulent misrepresentations as to the origin, approval, quality, or description of goods or services; false advertising and factual statements about goods or services, and false or misleading statements about the reasons for, existence of, or amounts of price reductions. There is no evidence that Wellstar Health made false or misleading statements about the amounts charged for medical care. As set forth in Division 2, supra, the Morrells and Wellstar entered into contracts by which the parties agreed to the amounts charged for the medical care. The fact that the "chargemaster" rates for medical care charged to the Morrells pursuant to the contracts exceeded the rates Wellstar Health charged for medical care covered by insurance and Medicare/Medicaid benefits, even assuming the Morrells were unaware of the pricing difference, does not establish a violation of the UDTPA. *Cox*, 279 Ga. App. at 592 (2). The trial court correctly dismissed Count 2 as a matter of law. *Lau's Corp.*, supra.

4. The trial court correctly dismissed the claim in Count 3 of the complaint based on unjust enrichment. As set forth in Division 2, supra, the trial court correctly found, as a matter of law, that the parties entered into a valid contract. "Unjust enrichment is an equitable concept and applies when as a matter of fact there is no

---

[5] The Morrells also allege that the Wellstar Health "chargemaster" rates for medical care included exorbitantly excessive charges that bore no relation to actual cost and were unconscionable. The Morrells, however, made no claim that the contracts they entered into to pay these charges should be voided in whole or in part as unconscionable. See *NEC Technologies v. Nelson*, 267 Ga. 390, 391-392 (478 SE2d 769) (1996); *Thomas v. T & T Straw, Inc.*, 254 Ga. App. 194, 195-196 (561 SE2d 495) (2002); *Dept. of Transp. v. American Ins. Co.*, 268 Ga. 505, 509-510, n. 19 (491 SE2d 328) (1997) (principles of unconscionability not limited to commercial settings).

legal contract." (Citation and punctuation omitted.) *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (508 SE2d 646) (1998); *Cox*, 279 Ga. App. at 592 (3).

5. The Morrells contend that the trial court erred by dismissing their claim in Count 8 of the complaint that Wellstar Health breached fiduciary duties owed to them. In this claim, the Morrells assert that, as a nonprofit hospital, Wellstar Health owed a fiduciary duty to patients, especially patients without insurance or Medicare/Medicaid benefits, to charge for medical care on a nonprofit, reasonable basis. They claim Wellstar Health breached this duty by charging them the higher "chargemaster" rates.

Fiduciary duties are owed by those in confidential relationships

> where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

OCGA § 23-2-58; *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 606 (503 SE2d 278) (1998). The relationships listed as examples in OCGA § 23-2-58 are not exclusive, however, and "[t]he showing of a relationship *in fact* which justifies the reposing of confidence by one party in another is all the law requires." (Citation and punctuation omitted.) *Cochran v. Murrah*, 235 Ga. 304, 306-307 (219 SE2d 421) (1975). The Morrells do not claim there are facts showing that a particular relationship of trust or mutual confidence was created between themselves and Wellstar Health. Rather, their argument is based on the general claim that Wellstar Health and all other nonprofit hospitals, solely by virtue of their nonprofit status, owe a fiduciary duty to all patients, especially patients without insurance or Medicare/Medicaid benefits, with respect to the price the hospitals charge for medical care. The mere fact that the Morrells also alleged they personally reposed trust and confidence in Wellstar Health as a nonprofit hospital does not show a confidential or fiduciary relationship. *Bernstein v. Peters*, 69 Ga. App. 525, 533 (26 SE2d 192) (1943). "In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone." (Citation and punctuation omitted.) Id.

Accordingly, the issue is whether nonprofit hospitals, by virtue of being not-for-profit, owe their patients a fiduciary duty with respect to pricing of medical care. While we render no opinion as to whether a nonprofit hospital may owe a fiduciary duty to a patient in other settings or factual circumstances, we hold that a nonprofit hospital

8

generally has no fiduciary duty to a patient with respect to the price the hospital charges for medical care. In general, corporate principles are applied to resolve questions concerning the function of nonprofit corporations because the functions of their directors are "virtually indistinguishable from those of their 'pure' corporate counterparts." (Citation and punctuation omitted.) *The Corp. of Mercer Univ. v. Smith*, 258 Ga. 509, 511 (371 SE2d 858) (1988). When nonprofit hospitals and their patients enter into agreements on the price to be charged for medical care, they are ordinarily engaged in business transactions indistinguishable from those engaged in by for-profit corporations with no confidential or fiduciary relationship between the parties. See id.; *Cochran*, 235 Ga. at 306-307. On the present facts, the trial court correctly dismissed Count 8 by finding, as a matter of law, that Wellstar Health owed no fiduciary duty. *Cox*, 279 Ga. App. at 592-593; *Lau's Corp.*, supra.

6. The Morrells contend that the trial court erred by dismissing their claims in Count 4 of the complaint seeking declaratory and injunctive relief. Although Count 4 is captioned "Injunctive/Declaratory Relief Under Georgia Law," the relief requested was for the trial court to issue an injunction ordering Wellstar Health to stop charging the Morrells "inflated and discriminatory rates for medical care" of a "higher amount for medical services than its insured patients for the same services," and to stop making any effort to collect amounts charged. On appeal, the only substantive argument made by the Morrells is that they face uncertainty with respect to the "exorbitant hospital bills" and should be allowed to seek a "declaratory judgment for breach of contract." In light of our holding in Division 2, supra, that the Morrells and Wellstar Health entered into valid contracts to pay for medical care at the "chargemaster" rates, we find no error in the trial court's dismissal of Count 4 on the basis that the Morrells were not entitled to declaratory or injunctive relief.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JUNE 20, 2006 — 

*Vroon & Crongeyer, Bryan A. Vroon, John W. Crongeyer, Cathey & Strain, Dennis T. Cathey, Edward E. Strain III, David A. Sleppy,* for appellants.

*Parker, Hudson, Rainer & Dobbs, John H. Parker, Jr., Leo E. Reichert, Sherrod & Bernard, Kenneth R. Bernard, Jr., Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III,* for appellees.