**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 22, 2022**

# In the Court of Appeals of Georgia

A21A1508. RONEY v. WRIGHT.

MERCIER, Judge.

This appeal stems from a dispossessory action Jacob Wright filed against Kimberly Roney in the Magistrate Court of Fulton County. Roney subsequently filed an answer and counterclaim seeking damages for slander and wrongful eviction. While the action was pending, Roney filed for bankruptcy and received a discharge.[1] Thereafter, Wright filed a motion to dismiss the case and counterclaims due to Roney's bankruptcy discharge, which the trial court granted. Roney appeals the grant of the motion to dismiss, contending that the trial court erred by granting the motion

---

[1] Of note, the record does not contain many material documents. Relevantly, it does not contain the lease at issue, a notice of Roney's bankruptcy petition, or a notice of her discharge. However, Roney concedes in her appellate brief that she obtained a bankruptcy discharge.

before she had an opportunity to respond and by granting the motion in general. Because the trial court failed to give Roney notice and an opportunity to present evidence after the motion to dismiss was converted into a motion for summary judgment, we vacate the judgment and remand this case for further proceedings.

To evaluate a motion to dismiss, a trial court must accept the plaintiff's claims as true and determine whether the complaint states a cause of action. See *Simmons v. Brady*, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001). We review de novo the trial court's ruling on a motion to dismiss. See *Cumberland Contractors v. State Bank & Trust Co.*, 327 Ga. App. 121, 126 (2) (755 SE2d 511) (2014).

Wright filed the dispossessory action in the Magistrate Court of Fulton County against Roney claiming past due rent and seeking possession of the property. Roney filed an answer and counterclaim stating that she was current on her rental payments, that Wright had called her employer and falsely accused her of selling drugs, that she was subsequently suspended indefinitely without pay, and as a result of Wright's actions she suffered physical and emotional distress. She also claimed that Wright contacted the police and falsely reported that she was trespassing on the property and also told her neighbors that she was dealing drugs and had outstanding arrest warrants. Roney sought punitive damages, along with damages for slander, her lost

2

wages, and physical and mental distress, and requested attorney fees. Because the amount sought by Roney exceeded the magistrate court's jurisdictional limit, the action was transferred to the State Court of Fulton County. See OCGA § 15-10-2 (a) (5).

While the case was pending, Wright filed a notice of Roney's bankruptcy and the trial court issued an order staying the case. Wright later filed a one-paragraph motion to dismiss stating that: "[Wright] previously filed a notice of [Roney's] bankruptcy case. It is [Wright's] understanding that [Roney] has received a discharge. Therefore, [Wright] moves to dismiss this case in its entirety." The trial court granted the motion, in an order prepared by Wright, which stated that:

> [Wright] having previously filed a notice that [Roney] had filed for Chapter 7 bankruptcy, a notice that [Roney] received a discharge in the bankruptcy accompanied by a motion to dismiss. Having read and considered the same, it is hereby ordered that Plaintiff and Defendant's claims, counterclaims, and defenses are hereby dismissed with prejudice.

As an initial matter, we note that while the motion was denominated as seeking to dismiss the matter, the motion was in substance and form a motion for summary judgment. See *Redding v. Walker*, 225 Ga. App. 653, 654 (1) (485 SE2d 252) (1997)

3

(plurality opinion). The defense of a bankruptcy discharge "does not constitute failure to state a claim upon which relief can be granted, OCGA § 9-11-12 (b) (6), or any of the other listed defenses which may be disposed of by a motion under that Code section." Id. (punctuation omitted). Instead, a discharge in bankruptcy is an affirmative defense, which acts as a matter in bar. See id. ("The judgments are final as to [the defendant], based not on the pleadings alone but together with the evidence which proved the basis for the judgments in her favor, i.e., the discharge in bankruptcy."); OCGA § 9-11-8 (c). Further, the trial court stated that it considered the bankruptcy discharge in granting the dismissal.

Because the trial court elected to consider matters outside of the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section." *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000), citing OCGA § 9-11-12 (b) (punctuation omitted). Pursuant to OCGA § 9-11-56 (c), a motion for summary judgment "shall be served at least 30 days before the time fixed for the hearing." See id. "Thus, when a trial court opts to convert a motion to dismiss for failure to state a claim into one for summary judgment, the party opposing the motion may, if he so

4

desires, have 30 days' notice in which to prepare evidence in opposition." *Cox Enterprises*, supra at 153 (citation and punctuation omitted). Here, Wright filed the motion to dismiss on December 4, 2020, and the trial court granted the motion on December 28, 2020. The trial court had the burden of informing Roney that it would consider matters outside the pleadings "and that, as the consequence, [she] would have no less than 30 days within which to submit [her] own evidence in response to [Wright's] motion for summary judgment." See id. The trial court here failed to do so.

Of course, by submitting outside documents, a party may waive the 30 day notice requirement. See *Cox Enterprises*, supra at 153-154. But because the record does not reflect any such waiver by Roney, it was error to grant Wright's motion. The judgment in this case is hereby vacated and the case remanded with the direction that the trial court give Roney the requisite statutory notice and opportunity to present evidence before any ruling on Wright's motion. See *Simmons*, supra at 720 (2); *Woodruff v. Choate*, 334 Ga. App. 574, 580 (2) (b) (780 SE2d 25) (2015) (Because the "petition was sufficient to state a claim, and the trial court considered evidence outside of the pleadings but did not permit [the petitioner] an opportunity to respond,

5

the trial court erred in dismissing [her] complaint."); *Bonner v. Fox*, 204 Ga. App. 666, 667-668 (420 SE2d 312) (1992).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Pinson, J., concur*.