A03A2407. MOUNTAIN AIRE REALTY, INC. et al. v. BIRDIE WHITE ENTERPRISES, INC.
(593 SE2d 900)

PHIPPS, Judge.

Birdie White sold Birdie White Realty, Inc. to Mountain Aire Realty, Inc., but continued to work for the realty company as a sales associate. Through its principals, Melvin and Laura Cowart, Mountain Aire made a $20,000 down payment to Birdie White Realty at the closing of the sale of the business. As part of the purchase price, they were also required to pay Birdie White Realty an override on certain commissions received after the sale. If the commission overrides totaled less than $50,000, Birdie White Realty was entitled to the difference between the aggregate sum of the overrides and $50,000 so that the total minimum purchase price would be $70,000. The question for decision in this case is whether Birdie White Realty forfeited its right to the minimum $70,000 purchase price by Birdie White prematurely terminating her employment relationship with Mountain Aire. The trial court answered this question in the negative and entered judgment in favor of Birdie White Realty's successor, Birdie White Enterprises, Inc. Finding no error, we affirm.

On March 12, 1999, Mountain Aire and Birdie White Realty executed an asset purchase agreement under which the former real estate brokerage firm purchased the business and assets of the latter. The agreement was signed by Melvin and Laura Cowart as president and vice-president of Mountain Aire and by Birdie White as presi-

---

dent of Birdie White Realty. The Cowarts also personally guaranteed payment of all financial obligations due under the agreement.

Section 2 of the agreement set forth the purchase price. Under section 2 (a), Mountain Aire agreed to pay Birdie White Realty a down payment of $20,000 in cash at closing. Section 2 (b) required Mountain Aire to pay Birdie White Realty a "15% override" on commissions received by Mountain Aire on sales of certain properties. Section 2 (c) provided:

> Upon the expiration of three years from the date of closing, or upon the termination, of Birdie White, of her sales associate relationship with [Mountain Aire], the total amount of accrued and yet unpaid overrides due to [Birdie White Realty] shall be determined and paid over to [Birdie White Realty] within 30 days of such date. Further, in the event the sum of all overrides previously paid and those then currently payable to [Birdie White Realty] are less than $50,000.00 in the aggregate, then in such event [Mountain Aire] shall pay unto [Birdie White Realty], within said 30 day period, the difference between said aggregate sum and $50,000.00, so that the total minimum purchase price, including the down payment, and accrued overrides shall be $70,000.00.

Section 18 of the agreement gave Birdie White the right to remain as a sales associate of Mountain Aire for three years from the date of closing. Section 2 (f) provided that all unaccrued rights to override payments in favor of Birdie White Realty would terminate if Birdie White severed her sales associate relationship with Mountain Aire before the end of the three-year period.

Effective August 30, 1999, the corporate name of Birdie White Realty was changed to Birdie White Enterprises. On April 16, 2001, Birdie White terminated her association with Mountain Aire. As of the date of her termination, Mountain Aire had paid a total of $26,611.23 in commission overrides as part of the purchase price set forth in section 2 of the asset purchase agreement, in addition to the $20,000 down payment. Upon her termination, Birdie White made repeated demands on Mountain Aire for payment of the balance of the $70,000 minimum purchase price due under the asset purchase agreement, after credit for payment of commission overrides that had been paid prior to her termination. In reliance on section 2 (f) of the asset purchase agreement, Mountain Aire and the Cowarts refused to pay any further sums to Birdie White Enterprises.

As a result, Birdie White Enterprises instituted this suit against Mountain Aire and the Cowarts in February 2002. The parties

waived jury trial and submitted the case to the court in January 2003 for determination upon stipulations of fact. By judgment entered in May 2003, the court ruled that section 2 (c) of the asset purchase agreement clearly provides that, "[a]t the end of three years *OR* upon termination of the employment of Ms. White, if less than three (3) years from the date of the execution of the contract, she is owed $70,000 less the down payment and other payments made on the purchase price under the contract." Because the parties stipulated that $46,611.23 had been paid, the court awarded Birdie White Enterprises the principal sum of $23,388.77 plus interest, attorney fees, litigation expenses, and court costs.

In this appeal, Mountain Aire and the Cowarts maintain that section 2 (c) of the asset purchase agreement is unclear and ambiguous, as shown by the fact that the first sentence initially provided that upon expiration of three years from the date of closing, or upon termination "by" Birdie White of her sales associate relationship with Mountain Aire, the total amount of accrued and unpaid overrides would be determined and paid within 30 days. By handwritten interlineations, the parties changed the word "by" to "of." Mountain Aire and the Cowarts argue that this change of wording shows that the parties intended that Birdie White would be paid additional overrides only if there was a termination "of" her sales associate relationship by Mountain Aire, as opposed to a termination of such relationship "by" her.

> The cardinal rule of contract construction is to ascertain the intention of the parties. Contract construction is a three-step process. Initially, the construction of the contract is a question of law for the court. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Secondly, if ambiguity does appear, the existence or non-existence of an ambiguity is itself a question of law for the court. Finally, a [fact] question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction. This is true even if the contract is difficult to construe. Further, a contract should be construed by examining the agreement in its

entirety, and not merely by examining isolated clauses and provisions thereof.[1]

"[I]n ascertaining the intent of the parties, the court should ascertain the parties' intent after considering the whole agreement and interpret each of the provisions so as to harmonize with the others."[2]

An examination of the asset purchase agreement in its entirety reveals no real ambiguity. Section 2 (c) entitled Birdie White Realty (now Enterprises) to a minimum purchase price of $70,000 upon the expiration of three years from the date of closing "or" upon the termination of Birdie White of her sales associate relationship with Mountain Aire. It is true that no termination "of" Birdie White by Mountain Aire occurred. And it is true that Birdie White's unaccrued rights to override payments terminated under section 2 (f) through her severance of her sales associate relationship with Mountain Aire before the end of the three-year period. But Birdie White Realty still had a right under section 2 (c) to be paid a total minimum purchase price of $70,000 upon expiration of three years from the date of closing, if the sum of all overrides paid and payable was less than $50,000.

The court did not err in entering judgment in favor of Birdie White Enterprises. Mountain Aire and the Cowarts' motion for imposition of damages for frivolous appeal is denied.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 30, 2004.

*James C. Hill*, for appellants.
*Sorgen & Schindelar, Lawrence S. Sorgen*, for appellee.

---

[1] (Citations and punctuation omitted.) *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993).

[2] (Citation and punctuation omitted.) *Friedman v. Friedman*, 259 Ga. 530, 532 (3) (384 SE2d 641) (1989), disapproved on other grounds, *Duckworth v. State*, 268 Ga. 566, 569 (1) (492 SE2d 201) (1997).