## A09A0174. TILLMAN PARK, LLC et al. v. DABBS-WILLIAMS GENERAL CONTRACTORS, LLC.
### (679 SE2d 67)

PHIPPS, Judge.

Dabbs-Williams General Contractors, LLC, served as general contractor on a project for construction of a condominium development owned by Tillman Park, LLC. After construction was completed, Dabbs-Williams brought this suit against Tillman Park and its owner, T. Holmes Ramsey, to recover for construction modifications and additions which Dabbs-Williams claims it made pursuant to an oral agreement with Ramsey.

Tillman Park and Ramsey answered Dabbs-Williams's complaint and filed counterclaims charging Dabbs-Williams with, among other things, negligent and defective construction. In addition, in reliance on arbitration provisions in an agreement entered into between Tillman Park and Dabbs-Williams, Tillman Park and Ramsey filed a motion to compel arbitration. Dabbs-Williams opposed the motion, arguing that its dispute with Ramsey is beyond the scope of the arbitration agreement. Dabbs-Williams also argues that the arbitration agreement is unenforceable, because it requires submission of a dispute to a project "architect" as a condition precedent to arbitration, and no architect was named in the parties' agreement.

After conducting hearings, the trial court entered an order finding the arbitration agreement unenforceable for the reason given

---

[1] *Bass v. State*, 288 Ga. App. 690 (655 SE2d 303) (2007).

by Dabbs-Williams and denying the motion to compel. We granted Tillman Park and Ramsey's application for interlocutory appeal. For reasons that follow, we affirm the trial court's denial of Ramsey's motion to compel arbitration, but reverse the court's denial of Tillman Park's motion to compel arbitration and remand for further proceedings.

Tillman Park, as owner, and Dabbs-Williams, as contractor, entered into the 1997 edition of a standard-form American Institute of Architects (AIA) agreement. The introductory page of the standard-form agreement provides spaces for identification of the owner, the contractor, the project, and a project architect. In the space provided for designation of the architect, "N/A" was typed.

The standard-form agreement also incorporates AIA "general conditions" for construction contracts. The general conditions entrust administration of the contract to the architect as representative of the owner. Under the general conditions, claims by one of the parties "arising out of or relating to the contract" must be submitted to the architect. One of the general conditions provides:

> An initial decision by the architect shall be required as a *condition precedent* to mediation, arbitration or litigation of all claims between the contractor and owner arising prior to the date final payment is due, unless 30 days have passed after the claim has been referred to the architect with no decision having been rendered by the architect.

(Emphasis supplied.)

Two hearings were held on the motion to compel. At the first hearing, Tillman Park claimed that it had appointed an architect but that, to reduce expenses so that Dabbs-Williams could construct the condominiums within the limit required by a guaranteed maximum price set forth in the parties' agreement, the architect had not been used to administer the contract. Because of the insufficiency of the evidence to show whether Tillman Park had appointed an architect, the court continued the hearing.

At the next hearing, Tillman Park submitted affidavits executed by Daniel Smith and Wayne Ramsey and the oral testimony of Wallace Wright. Smith testified that the bank of which he was an officer required use of the AIA standard-form contract as a condition to Tillman Park receiving construction financing. Ramsey testified that he was the architect associated with the Tillman Park project and that, even though he had not administered the contract, he had remained "on call" and available for dispute resolution during the project. According to Ramsey, it is not uncommon for construction project owners to use the standard-form AIA contract without

employing a project architect and that, when that is done, it is the general practice and understanding in the industry to consider contract provisions relating to the architect as having been waived; otherwise, the entire contract would be invalidated, due to the centrality of the architect's role in administering it. Therefore, according to Ramsey, the general industry practice is to require dispute resolution to go directly to mediation and/or arbitration where no architect has been appointed. Wright, the loan-closing attorney for the bank, testified that the standard-form AIA contract was actually entered into between Tillman Park and Dabbs-Williams at the insistence of the bank after construction had begun. Although Wright further testified that the completed contract was sent to him by Dabbs-Williams, he did not know who had actually inserted the letters "N/A" in the space provided in the contract for designation of an architect.

At the second hearing, counsel for Dabbs-Williams objected to the court's consideration of the two affidavits on the ground that they had not been served on him prior to the hearing. In fact, counsel for Tillman Park had not obtained the affidavits until the evening before the hearing. At the conclusion of the hearing, the court announced that after considering briefs to be submitted by the parties, it would rule on evidentiary issues and decide the motion.

The court subsequently entered its order, ruling that because no architect had been named in the parties' contract or had administered the contract, there had been a failure of a condition precedent to arbitration. As authority in support of this ruling, the court cited *North Augusta Assocs. Ltd. Partnership v. 1815 Exchange*.[1] Consequently, the court denied the motion to compel arbitration. The order, however, contains no reference to the affidavits submitted by Tillman Park or any express ruling on Dabbs-Williams's objection to them.

"A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration."[2] The application should be granted unless "(1) No valid agreement to submit to arbitration was made; (2) The agreement to arbitrate was not complied with; or (3) The arbitration is barred by limitation of time."[3] These issues are to be decided by the court without intervention of a jury.[4] Accordingly, in the appeal from the grant or denial of a motion to compel arbitration, our standard of review "becomes whether the trial court

---

[1] 220 Ga. App. 790 (469 SE2d 759) (1996).
[2] OCGA § 9-9-6 (a).
[3] OCGA § 9-9-6 (b).
[4] See OCGA § 9-9-6 (a).

was correct as a matter of law."[5] "[T]he construction of an arbitration agreement, like any other contract, presents a question of law, which is subject to de novo review."[6]

> The cardinal rule of contract construction is to ascertain the intention of the parties. Contract construction is a three-step process. Initially, the construction of the contract is a question of law for the court. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Secondly, if ambiguity does appear, the existence or non-existence of an ambiguity is itself a question of law for the court. Finally, a (fact) question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction. This is true even if the contract is difficult to construe. Further, a contract should be construed by examining the agreement in its entirety, and not merely by examining isolated clauses and provisions thereof.[7]

" '[T]he court should ascertain the parties' intent after considering the whole agreement and interpret each of the provisions so as to harmonize with the others.' "[8]

Here, in reliance on *North Augusta*, the court effectively determined that the parties' agreement unambiguously required submission of the parties' dispute to an architect as a condition precedent to arbitration, and that failure of the condition precedent, for whatever reason, dispensed with the requirement that the dispute be arbitrated. The construction agreement in *North Augusta*, similar to the one here, contained an arbitration provision requiring claims to be submitted to an architect before being arbitrated and providing that a decision by the architect was required as a condition precedent to arbitration. The contractor on the construction project filed a demand for arbitration. The owner moved for a stay of arbitration on grounds that the contractor had failed to comply with conditions precedent for demanding arbitration. One of the issues on appeal

---

[5] *Tigner v. Shearson-Lehman Hutton*, 201 Ga. App. 713, 714-715 (411 SE2d 800) (1991).

[6] *Langfitt v. Jackson*, 284 Ga. App. 628, 629 (644 SE2d 460) (2007) (citation and punctuation omitted).

[7] *Mountain Aire Realty v. Birdie White Enterprises*, 265 Ga. App. 366, 368-369 (593 SE2d 900) (2004) (footnote omitted).

[8] Id. at 369 (footnote omitted).

was whether the arbitrator or trial court should decide the threshold arbitrability question of whether conditions precedent had been met. After observing that "[c]learly, the agreement provides that only claims made in compliance with the procedures defined by the agreement may be arbitrated[,]" and that "[u]nder the clear terms of the agreement in this case, the parties must comply with conditions precedent before proceeding to arbitration[,]"[9] we concluded that, unless the parties had clearly and unmistakably agreed to submit the arbitrability question itself to arbitration, the court should decide the question of arbitrability.[10]

This case, however, presents an issue not considered in *North Augusta*, i.e., whether impossibility of compliance with a condition precedent to arbitration vitiates the agreement's arbitration requirement. That question was addressed in two Florida cases cited by Tillman Park and Ramsey. The first, *Manalili v. Commercial Mowing & Grading*,[11] involved a standard-form AIA construction contract. The general conditions of the agreement then provided that no demand for arbitration of a claim could be made unless the claim was first submitted to the architect for decision, and the architect had either rendered a written decision or failed to do so within a specified time period. *Manalili* held that because the general conditions established a time limit for making a demand for arbitration without providing that a written decision by the architect was a condition precedent to arbitration, a dispute had to be submitted to arbitration even if there had been no available architect to whom the dispute could have been submitted beforehand. *Manalili* is thus distinguishable from this case, because the general AIA standard-form contract conditions now do require a decision by the architect as a condition precedent to arbitration. But in *The Auchter Co. v. Zagloul*,[12] the second case cited by Tillman Park, the court, citing *Manalili*, held that because there was no architect for the project, compliance with the current general conditions of an AIA standard-form construction contract relating to submission of the dispute to an architect was not a condition precedent to arbitration.[13]

Although *Auchter* is of course not binding authority in Georgia, the approach it takes is consistent with the industry-wide interpretation of the AIA standard-form construction contract general conditions, as testified to by Ramsey in his affidavit. As held in cases such as *Mountain Aire*, however, construction of a contract is a

---

[9] Supra, 220 Ga. App. at 792-793 (2).
[10] Id. at 793.
[11] 442 S2d 411 (Fla. App. 1983).
[12] 949 S2d 1189 (Fla. App. 2007).
[13] Id. at 1195.

question of law for a court. In our opinion, whether failure of the owner to name an architect in a standard-form AIA agreement results in failure to meet a condition precedent thereby dispensing with the agreement's arbitration requirement, or whether it results in an impossibility to satisfy the condition precedent thereby dispensing with the condition-precedent requirement, is a question that the agreement does not unambiguously answer and which statutory rules of construction do not resolve. The meaning of the contract and intent of the parties therefore becomes a question for the trier of fact, which is the trial court in this case.

In this case, however, the trial court incorrectly found its interpretation of the contract controlled, as a matter of law, by *North Augusta*. Moreover, a consideration of the Ramsey affidavit would authorize the trial court to find that Tillman Park had designated Ramsey as project architect, even though no architect had been named in the parties' agreement. Unquestionably, failure of the agreement to name an architect in the blank space provided for designation of the architect, while making continuing references to the role of the architect in the standard-form provisions, created an ambiguity explainable by parol evidence.[14] But here, Dabbs-Williams's attorney objected to the court's consideration of the parol evidence on grounds that it was provided by affidavits not timely served on him.[15] The court, nonetheless, had discretion to consider the affidavits.[16] And although the court stated at the end of the second hearing that it would rule on the admissibility of the affidavits, it did not do so in the order appealed. Moreover, even though the parties' arbitration agreement clearly applies to Dabbs-Williams's claims against Tillman Park because the claims asserted by Dabbs-Williams in this proceeding are "relat[ed] to" the parties' contract even if they do not "aris[e] out of" it, Ramsey is not a party to the contract. Therefore, Tillman Park's and Ramsey's motion to compel arbitration should have been denied as to Ramsey.

For these reasons, the order is affirmed insofar as it denied Ramsey's motion to compel arbitration and reversed insofar as it denied Tillman Park's motion to compel arbitration, and the case is remanded. On remand, the trial court is directed to reconsider its denial of Tillman Park's motion to compel Dabbs-Williams to arbitrate the parties' dispute. In so doing, the court must exercise its discretion in determining whether it will consider the Ramsey

---

[14] See generally OCGA § 13-2-2 (1); *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 372 (1) (283 SE2d 326) (1981).

[15] See OCGA § 9-11-6 (d).

[16] See *Riberglass, Inc. v. ECO Chemical Specialties*, 194 Ga. App. 417, 419 (1) (390 SE2d 616) (1990); *Malone v. Ottinger*, 118 Ga. App. 778, 782 (3) (165 SE2d 660) (1968).

affidavit. Ultimately, the court must decide whether Dabbs-Williams and Tillman Park intended the arbitration provision of the agreement to apply under the facts the court finds to have been present here.

*Judgment affirmed in part and reversed in part, and case remanded. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 19, 2009.

*Oliver & Maner, Leslie P. Sheehan, William P. Franklin, Jr.*, for appellants.

*Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Daniel B. Snipes*, for appellee.