Coomer, Judge.
*563 In this interlocutory appeal, we decide whether a binding arbitration agreement exists if one party does not sign the agreement. Stacy Aaron, on behalf of Editha Aaron's wrongful-death beneficiaries, appeals the trial court's order staying his lawsuit against the entities running the nursing home that he alleges harmed his mother and compelling arbitration.[1] For the reasons that follow, we affirm.
On appeal from the grant or denial of a motion to compel arbitration, the standard of review is "whether the trial court was *564 correct as a matter of law." Tillman Park, LLC v. Dabbs-Williams Gen. Contractors , 298 Ga. App. 27, 29-30, 679 S.E.2d 67 (2009) (citation and punctuation omitted). "[T]he construction of an arbitration agreement, like any other contract, presents a question of law, which is subject to de novo review." Id. at 30, 679 S.E.2d 67 (footnote omitted).
The record here shows that in October 2014, Editha was admitted to a PruittHealth nursing home in Savannah.[2] Prior to her admission, Editha gave her son Stacy power of attorney. He signed an admission agreement on his mother's behalf, which was also signed by a PruittHealth representative. The admission agreement contained no arbitration clause and did not refer to a separate arbitration agreement.
Separate from this fully executed admission agreement is a partially executed arbitration agreement (the "Agreement"). The Agreement lists the parties as "UniHealth PAC Savannah, LLC," and "Editha ... and B Aaron," even though "B Aaron" is not Editha's representative and did not sign the Agreement. Although the pre-printed portion of the Agreement says that it was 'made and entered into' on October 23, Stacy did not sign it until the next day. The Agreement provides that a signature binds Editha and anyone entitled to sue because of her death. No representative of PruittHealth signed the Agreement, even though the Agreement contains a signature block for a PruittHealth representative to sign. Both the admission and the arbitration agreements were prepared by PruittHealth and presented to Editha during her admission process at PruittHealth's facility. PruittHealth maintained the partially executed Agreement in its records.
*444 Editha passed away within weeks of her discharge from the nursing home. Stacy sued PruittHealth on behalf of her wrongful death beneficiaries for negligence, violations of the bill of rights for residents of long-term care facilities, medical malpractice, fraud, and wrongful death. PruittHealth answered the lawsuit and also separately moved to compel arbitration. The trial court granted the motion, holding that the parties had mutually assented to the Agreement. The trial court reasoned that PruittHealth need not sign the Agreement because its act of entering the "exact date the agreement was signed" and "other specific language" about the parties indicated its assent to the Agreement. The trial court certified the order for *565 immediate review, and we granted Stacy's application for interlocutory appeal.
In a single enumeration of error, Stacy argues that the trial court erred by holding that the parties had mutually assented to arbitrate. We disagree.
"Whether there is a valid agreement to arbitrate is generally governed by state law principles of contract formation...." Triad Health Mgmt. of Georgia, III, LLC v. Johnson , 298 Ga. App. 204, 206 (2), 679 S.E.2d 785 (2009). Under Georgia law, a written, unsigned contract can be enforceable if the parties mutually assent to its terms. Cochran v. Eason , 227 Ga. 316, 318 (1), 180 S.E.2d 702 (1971) ; Silvey v. Wynn , 102 Ga. App. 283, 283 (1), 115 S.E.2d 774 (1960) ; Comvest, LLC v. Corporate Securities Group , Inc ., 234 Ga. App. 277, 280-281 (3), 507 S.E.2d 21 (1998).
In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent. In some instances, the only conduct of the parties manifesting intent is the express language of the agreement. In other instances, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence.
Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn. , 250 Ga. 391, 395, 297 S.E.2d 733 (1982) (citations omitted).
The record before us supports the conclusion that the parties mutually agreed to arbitrate these claims. First, Stacy signed the Agreement and initialed each page, indicating his intent to be bound by it. See Bostwick Banking Co. v. Arnold , 227 Ga. 18, 23, 178 S.E.2d 890 (1970) ("A court may take judicial notice that the signature of an individual on the face of a note ... is the universal method of signing a contract to assume a personal obligation." (citation omitted)).
As to PruittHealth, it drafted the Agreement, presented it to Stacy for approval, and retained it in its records after Stacy demonstrated assent to the terms. PruittHealth also filled in the date of intended execution and specifically tailored the contract language to the parties. See *566 Turner Broadcasting System, Inc. v. McDavid , 303 Ga. App. 593, 597 (1), 693 S.E.2d 873 (2010) ("[I]n cases such as this one, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement." (citations omitted)). Moreover, PruittHealth has expressly stated in its pleadings its intention to be bound by the Agreement.
In addition to strong evidence that both parties mutually assented to the Agreement at the time of the patient's admission, PruittHealth sought to enforce the Agreement at its first available opportunity. See Burson v. Milton Hall Surgical Assocs., LLC , 343 Ga. App. 159, 167 (2), 806 S.E.2d 239 (2017). On the same day it filed its answer, PruittHealth also filed a motion to dismiss, or alternatively, a motion to compel arbitration. See Weyant v. MacIntyre, 211 Ga. App. 281, 283-284 (3), 438 S.E.2d 640 (1993) (arbitration required where party made known his intention to rely upon the arbitration clause, and, after action was filed, asserted the arbitration *445 clause in his answer and promptly moved to compel arbitration). Cf. Tillman Group, Inc. v. Keith , 201 Ga. App. 680, 681 (2), 411 S.E.2d 794 (1991) (By "litigating the merits of the appellees' claim ... without filing a motion [to compel arbitration] or otherwise seeking to initiate arbitration proceedings, the appellant waived its right to insist upon arbitration."); Nat. Parents' Resource Institute for Drug Education, Inc. v. Peachtree Hotel Co. , 201 Ga. App. 637, 638 (2), 411 S.E.2d 884 (1991).
Because the parties mutually assented to the Agreement, and PruittHealth sought to enforce the Agreement as early as practicable, we find that the Agreement is enforceable. Thus, Stacy may not unilaterally rescind the Agreement by filing a claim in lieu of arbitration simply because PruittHealth failed to sign it. See Taylorv. Taylor , 217 Ga. 20, 23 (2), 120 S.E.2d 874 (1961) (Where a party accepted a paper and retained it in his possession, "he assented to its terms as freely as if he had affixed his signature to the same." (citations omitted)).
Accordingly, we agree with the trial court that the circumstances demonstrate that the parties intended to form and, in fact, formed a binding contract to arbitrate claims arising between them.
Judgment affirmed.
Gobeil, J., concurs. Hodges, J., dissents.*
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).

The Appellees in this case are United Health Services of Georgia, Inc., UHS-Pruitt Holdings, Inc., PruittHealth, Inc., PruittHealth Care Management, Inc., PruittHealth-Property Management, LLC, PruittHealth Consulting Services, Inc., PruittHealth Therapy Services, Inc., PruittHealth-Savannah, LLC, and Randy West, NHA. For simplicity, we call them, collectively, "PruittHealth."

The decedent's name appears as "Edith" and "Editha" in the record. We refer to her as Editha.