**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 31, 2024**

# In the Court of Appeals of Georgia

A24A0921. MORGAN & MORGAN ATLANTA, PLLC v. BROWN et al.
A24A0922. MORGAN & MORGAN JACKSONVILLE, PLLC et al v. BROWN.

BARNES, Presiding Judge.

Spouses Brian and Veronica Brown sued Morgan & Morgan Atlanta, PLLC and/or Morgan & Morgan Jacksonville, PLLC, pursuing tort claims, punitive damages, and attorney fees. The law firms moved to dismiss the suits on various grounds, including that the asserted claims were subject to mandatory arbitration. The trial court denied the motions, which rulings are contested in these related appeals. For the following reasons, we affirm, vacate, and reverse in part the judgment in Case No. A24A0921; we vacate and reverse in part the judgment in Case No. A24A0922; and we remand both cases for proceedings not inconsistent with this opinion.

The records underlying these appeals show that on March 3, 2023, Brian and Veronica Brown filed a complaint against Morgan & Morgan Atlanta, PLLC, asserting that the law firm had represented them in connection with a motor vehicle wreck that occurred in Chatham County, Georgia, on March 17, 2020. Relating to that legal representation, the complaint expressly set forth two substantive counts: (i) professional negligence; and (ii) breach of fiduciary duties. Additionally, the complaint sought punitive damages and attorney fees.

On May 4, 2023, and by special appearance, Morgan & Morgan Atlanta filed an answer claiming, among other things, that the suit should be dismissed on grounds that it had never represented either of the Browns. That same day, the law firm also filed a motion to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6), asserting that Brian Brown, but not Veronica Brown, had been represented by Morgan & Morgan Jacksonville, PLLC in connection with the referenced automobile accident. Morgan & Morgan Atlanta attached to its answer and to its motion a document captioned "Authority to Represent" (hereinafter "Representation Agreement"), which identified "Brian Brown" as the client and "Morgan & Morgan Jacksonville, PLLC" as "The Firm."

The Representation Agreement further contained arbitration language that:

[A]ny and all disputes between me and the Firm arising out of this Agreement, The Firm's relationship with me or The Firm's performance of any past, current or future legal services, whether those services are subject of this particular engagement letter or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association in Georgia. The disputes subject to binding arbitration will include without limitation, disputes regarding attorneys' fees, or costs and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute. . . .

I understand that by agreeing to arbitration as a mechanism to resolve all potential controversies, disputes, or claims between us, I am waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. I understand that in the context of arbitration, a case is decided by an arbitrator (one or more), not by a judge or a jury. . . .

I have been advised to review this letter carefully to be certain that it accurately sets forth our agreement. In the event that I do not understand anything in this letter, I will let The Firm know so further written explanations can be provided.

Thereafter, and just above the signature line, the Representation Agreement stated in bold print:

> **NOTICE: I am aware that this agreement contains provisions requiring arbitration of fee disputes. I am aware that I should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, I give up (waive) my right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

The following month, on June 21, 2023, Brian Brown alone filed suit against Morgan & Morgan Jacksonville, PLLC. The complaint asserted that the law firm had represented him in connection with the motor vehicle wreck that occurred in Chatham County, Georgia on March 17, 2020. Relating to that legal representation, the complaint expressly set forth the same two substantive counts for professional negligence and breach of fiduciary duties. Also, the complaint sought punitive damages and attorney fees.

Morgan & Morgan Jacksonville filed a motion to dismiss the complaint and to compel arbitration, attaching thereto the Representation Agreement. Morgan &

Morgan Jacksonville argued that Brian Brown's claims should be dismissed for failure to state a claim upon which relief may be granted, because arbitration provided his sole remedy.

The Browns opposed the motions in both cases, advancing several grounds. The trial court conducted a hearing. Thereafter, on November 29, 2023, the trial court entered two orders denying the law firms' motions.

In the case against Morgan & Morgan Atlanta, the trial court considered first the firm's motion to dismiss, expounding:

> At this time, it is unclear who signed the contract on behalf of Morgan & Morgan, including if they were an agent of Morgan & Morgan's Jacksonville or Atlanta subsidiary. The agreement purports to be signed by a representative of "Morgan & Morgan Jacksonville, PLLC," but no such entity was registered to transact business in the State of Georgia until after commencement of [this] lawsuit.
>
> . . .
>
> In the instant lawsuit, Plaintiffs' *Complaint* provides sufficient notice to satisfy the pleading requirements under Georgia law. As pled, there is a realm of factual possibilities to be further fleshed out through the discovery process – that Morgan and Morgan's Atlanta subsidiary is the true entity bound by the subject agreement with Brian Brown, rather than then-unregistered "Morgan & Morgan Jacksonville, PLLC", that

5

the attorney(s) assigned to work the underlying personal injury case failed to comply with the standard of ordinary care, skill, and diligence of practicing attorneys in this state, and that such negligence led to Plaintiffs' alleged injuries, as well as regarding the validity of Plaintiff Veronica Brown's claims considering the foregoing. Accordingly, Defendant's Motion to Dismiss is hereby **DENIED**.

Turning to Morgan & Morgan Atlanta's motion to compel arbitration, the trial court recounted,

> [The Browns] have challenged the validity of both the subject agreement and its arbitration clause as unenforceable for multiple reasons, including lack of registration of the Morgan & Morgan Jacksonville, PLLC entity at the time the agreement was entered, procedural unconscionability of said agreement due to being virtually signed by Brian Brown, and failure to meet the initialing requirements for arbitration clauses found in "employment contracts",[1] which is what [the Browns] purport this agreement to constitute.

---

[1] See OCGA § 9-9-2 (c) (9) ("[The Arbitration Code] shall apply to all disputes in which the parties thereto have agreed in writing to arbitrate and shall provide the exclusive means by which agreements to arbitrate disputes can be enforced, except the following, to which this part shall *not* apply: . . . Any contract relating to terms and conditions of employment unless the clause agreeing to arbitrate is initialed by *all* signatories at the time of the execution of the agreement[.]") (emphasis supplied).

The court cited evidence suggesting that Brian Brown "never met with an attorney prior to or at the time of signing the subject . . . agreement, as it was executed virtually." The court continued,

> [T]here remains a question as to the identity of the person who signed the agreement on behalf of "Morgan & Morgan, Jacksonville, PLLC", an unregistered entity at the time said agreement was executed. Under OCGA § 14-11-711 (a), "[a] foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state." While [Morgan & Morgan Atlanta] asserts that such statutory language is so limited as to apply only to claims brought on the entity's behalf, Plaintiffs contend that it voids the agreement, including the arbitration clause. In light of the above questions, this Court can neither affirmatively bind [the Browns] and "Morgan & Morgan Jacksonville, PLLC" to the subject agreement, nor dismiss [Morgan & Morgan Atlanta] from [the Browns'] claims. Determining the identity of the individual who entered the subject agreement on behalf of Morgan & Morgan is a mandatory and preliminary factual inquiry to assessing whether a valid legal representation/employment agreement was entered with this Defendant and whether Plaintiff(s) is bound by the arbitration clause contained therein. At this time, the [trial court] cannot discern the parties' respective responsibilities and duties under the legal representation/employment agreement at issue, and [Morgan & Morgan Atlanta's] Motion to Compel Arbitration is accordingly also hereby DENIED.

7

Similarly, in the case against Morgan & Morgan Jacksonville, the trial court expounded:

> [T]he evidence suggests that [Brian Brown] never met with an attorney prior to or at the time of signing the subject agreement, as it was executed virtually. There also exists a question as to the identity of the individual who signed the agreement on behalf of "Morgan & Morgan, Jacksonville, PLLC." Moreover, [Morgan & Morgan Jacksonville's] advertising which purports to publicly admonish the type of arbitration clause they seek to enforce against [Brian Brown] – including as to the unconscionability of such arbitration provisions as attempts to strip people of their constitutional rights – have been included in various pleadings and filings as exhibits related to the Motion.

> There is also evidence indicating that Defendants entered the subject agreement without proper authority to perform any duties thereunder. Under OCGA § 14-11-711(a), "[a] foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state." In response to this argument, [Morgan & Morgan Jacksonville] assert[s] that such statutory language is so limited as to apply only to claims brought on the entity's behalf. Yet, the information presented to the [trial court] tends to show that Defendant Morgan & Morgan Jacksonville, PLLC could not legally maintain an action on behalf of Plaintiff or itself for lack of authorization to transact business in the State of Georgia at the time the subject agreement was entered through April of 2023.

Determining the identity of the individual who entered this agreement on behalf of Defendants is a mandatory and preliminary factual inquiry in this case to assess whether a valid legal representation/ employment agreement was entered by the parties and, thus, whether [Brian Brown] is bound by the arbitration clause contained therein. Additionally, [Brian Brown] disputes that the necessary procedural requirements were met to form a valid and enforceable legal representation/employment agreement with [Morgan & Morgan Jacksonville], both as to validity of the arbitration clause due to [Brian Brown's] virtual signing of the agreement and as to proper registration of Defendant Morgan & Morgan Jacksonville, PLLC at the time the agreement was entered.

Based upon the foregoing, [Morgan & Morgan Jacksonville's] Motion to Dismiss and to Compel Arbitration is hereby DENIED.

Morgan & Morgan Atlanta and Morgan & Morgan Jacksonville procured these interlocutory appeals, docketed as Case Nos. A24A0921 and A24A0922,[2] respectively. We consider first Case No. A24A0922.

*Case No. A24A0922*

---

[2] We note that the notice of appeal also lists as an appellant Seth Diamond (who had been named as a defendant in the case along with Morgan & Morgan Jacksonville). While Morgan & Morgan Jacksonville and Seth Diamond have filed a joint brief, the claims of error do not appear to advance arguments separately as to him.

1. Morgan & Morgan Jacksonville contends that the trial court erred by denying its motion to compel arbitration.

"Whether there is a valid agreement to arbitrate is generally governed by state law principles of contract formation, and is appropriate for determination by the court. "As the party seeking arbitration, [Morgan & Morgan Jacksonville] bears the burden of proving the existence of a valid and enforceable agreement to arbitrate." *Kindred Nursing Centers Ltd. Partnership v. Chrzanowski*, 338 Ga. App. 708, 713 (1) (791 SE2d 601) (2016). And generally, as with other contracts, where a binding arbitration agreement was bargained for and signed by the parties, it is the complaining party that bears the burden of proving that it nevertheless is unenforceable on grounds of unconscionability or some other defense. See *Innovative Images, LLC v. Summerville*, 309 Ga. 675, 685 (3) (b) (848 SE2d 75) (2020).

Morgan & Morgan Jacksonville maintains that it met its initial burden of adducing a valid agreement to arbitrate the claims alleged by Brian Brown, and that Brian Brown responded with no meritorious defense. More specifically, Morgan & Morgan Jacksonville cites that it attached the Representation Agreement to its verified answer and to its motion to compel arbitration; that language therein stated that the

parties would arbitrate "any and all disputes," including but not limited to "those alleging negligence, malpractice, [or] breach of fiduciary duty"; and that the claims set forth in Brian Brown's complaint fell squarely within those parameters. Morgan & Morgan Jacksonville contends that when confronted with its motion to compel arbitration, Brian Brown failed, as a matter of law, to establish any meritorious defense to the arbitration agreement.

We turn to Morgan & Morgan Jacksonville's attacks to the trial court's rulings.

(a) Morgan & Morgan Jacksonville argues that, to the extent that the trial court's denial of its motion to compel was due to Brian Brown's *virtual* signing of the agreement, such denial was error. (Emphasis supplied.) We agree and thus reverse that aspect of the trial court's judgment. "If a law requires a signature, an electronic signature shall satisfy the law," and "[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." OCGA § 10-12-7 (a), (d). See generally *Smith v. Adventure Air Sports Kennesaw*, 357 Ga. App. 1, 3 (849 SE2d 738) (2020) (enforcing arbitration agreement that was electronically "signed" by clicking "accept").

11

(b) Morgan & Morgan Jacksonville argues that, to the extent that the trial court denied its motion to compel arbitration on a determination that the agreement was unconscionable, such denial was error. We agree.

"[A]n unconscionable contract [is] one that no sane man not acting under a delusion would make and that no honest man would take advantage of, one that is abhorrent to good morals and conscience, and one where one of the parties takes a fraudulent advantage of another." (Citation and punctuation omitted.) *Innovative Images, LLC*, 309 Ga. at 684 (3) (b). "We examine unconscionability from the perspective of substantive unconscionability, which looks to the contractual terms themselves, and procedural unconscionability, which considers the process of making the contract. (Emphasis omitted.) Id. at 684-685 (3) (b).

In its order, the trial court noted "evidence suggest[ing] that Brian Brown never met with an attorney prior to or at the time of signing the subject agreement, as it was executed virtually." Additionally, the court found that certain of the law firm's advertising purportedly admonished the type of arbitration clause at issue here, which – as the trial court discerned – "attempts to strip people of their constitutional rights."

But despite the referenced advertising, as *Innovative Images* noted, "the mere existence of an arbitration clause does not amount to unconscionability." (Citation and punctuation omitted.) *Innovative Images*, 309 Ga. at 685 (3) (b). Moreover, "the lack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability without more." (Citation and punctuation omitted.) Id. at 686 (3) (b). And under the circumstances in this case, the fact that Brian Brown did not meet with an attorney before or at the time he signed the agreement did not – either alone or when considered along with other identified circumstances – render the arbitration agreement unconscionable. To be sure, the record shows that the agreement set out, among other things and as detailed above, that Brian Brown was waiving rights (to bring an action in court, to have a jury trial, to engage in broad discovery, the right to have an appeal); that "in the context of arbitration, a case is decided by an arbitrator (one or more), not by a judge or a jury"; that "[a]rbitration proceedings are ways to resolve disputes without use of the court system"; that by entering the agreement, he would "give up (waive) [his] right to go to court to resolve those disputes by a judge or jury"; and that "[t]hese are important rights that should not be given up without careful consideration." Further, the arbitration agreement set

13

out that "[Brian Brown] should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements"; and that if Brian Brown did "not understanding anything in this letter," he should "let [Morgan & Morgan Jacksonville] know so further written explanations can be provided."

Given the foregoing, to the extent that the trial court denied the motion to compel on the ground that the arbitration agreement was unconscionable, such ruling was error; and the judgment is thus reversed in part. See *Innovative Images*, 309 Ga. at 684-686 (3) (b); *R. L. Kimsey Cotton Co. v. Ferguson*, 233 Ga. 962, 965-966 (3) (214 SE2d 360) (1975) (holding that the trial court erred in denying the plaintiff's motion for summary judgment seeking enforcement of contracts that the defendants argued were unconscionable because the defendants did not sufficiently prove unconscionability).

(c) Morgan & Morgan Jacksonville argues that, to the extent that the trial court denied its motion to compel arbitration due to the lack of "proper registration of Defendant Morgan & Morgan Jacksonville . . . [in Georgia] at the time the agreement was entered," such denial was error. We agree that Morgan & Morgan Jacksonville's

14

registration status at such time did not provide Brian Brown a basis to avoid the Representation Agreement.

The statute cited by the trial court, OCGA § 14-11-711, restricts a foreign limited liability company that transacts business in this State from engaging in certain activities until it is authorized to transact business in this State. OCGA § 14-11-711 (a). But that Code section expressly provides that "[t]he failure of a foreign limited liability company to procure a certificate of authority *does not impair the validity of any contract* or act *of the foreign limited liability company* or prevent the foreign limited liability company from defending any action, suit, or proceeding in any court of this state." (Emphasis added.) OCGA § 14-11-711 (b). And as noted above, "[a]rbitration is a matter of contract." *Turner County v. City of Ashburn*, 293 Ga. 739, 746, n. 11 (749 SE2 685) (2013). Hence, the arbitration agreement cannot be deemed unenforceable on the mere ground that Morgan & Morgan Jacksonville was not registered to do business in Georgia when Brian Brown entered into the agreement. See OCGA § 14-11-711 (b); see generally *Turner County*, 293 Ga. 746, n. 11; *Walker v. Morgan & Morgan*, 2024 U.S. Dist. LEXIS 184823, at *8 (I) (a), 2024 WL 4453805, at *2 (I) (a) (S.D. Ga. October 9, 2024) (rejecting argument that, because law firm was not

registered to do business in Georgia at the time it entered into an arbitration agreement with client, the agreement was unenforceable; citing OCGA § 14-11-711 (b) and noting that arbitration is a matter of contract).[3]

(d) Morgan & Morgan Jacksonville argues that the trial court erred by denying its motion on grounds that it (the court) could not identify the particular individual who signed the Representation Agreement on behalf of the law firm. Citing *Aaron v. United Health Srvcs. of Ga.*, 349 Ga. App. 563, 565 (826 SE2d 442) (2019) (physical precedent only), Morgan & Morgan Jacksonville asserts that an arbitration provision in "a written, *unsigned* contract can be enforceable if the parties mutually assent to its terms." (Emphasis supplied.) Morgan & Morgan Jacksonville claims that the circumstances here demonstrated the requisite assent, including, as it asserts, that "[Brian Brown] affirmatively alleges that [Morgan & Morgan Jacksonville] represented him under the contract, albeit not to the standard he alleges was required."

---

[3] See generally *Ga. Ports Auth. v. Lawyer*, 304 Ga. 667, 682 (4) (d) (821 SE2d 22) (2018) (noting that the conclusion reached was consistent with prior decisions of the United States District Court for the Southern District of Georgia).

Collecting cases from the Georgia Supreme Court and this Court, *Aaron* articulated that "[u]nder Georgia law, a written, unsigned contract can be enforceable if the parties mutually assent to its terms." *Aaron*, 349 Ga. App. at 565.[4] And as the Supreme Court of Georgia has expounded,

> In some instances, the only conduct of the parties manifesting intent is the express language of the agreement. In other instances, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence.

---

[4] Cases collected were: (i) *Cochran v. Eason*, 227 Ga. 316, 318 (1) (180 SE2d 702) (1971) ("Even assuming that the foregoing language should ordinarily be construed to require such signatures in order to be binding, that was not necessary under the circumstances here [showing assent]."); (ii) *Comvest, LLC v. Corporate Securities Group*, 234 Ga. App. 277, 280-281 (3) (507 SE2d 21) (1998) ("Parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated, such as by the acceptance of benefits under the contract, or the acceptance by one of the performance by the other.") (citation and punctuation omitted); (iii) *Silvey v. Wynn*, 102 Ga. App. 283, 283-284 (1) (115 SE2d 774) (1960) ("Though there is no evidence that the defendant ever signed the contract, there was evidence to the effect that the defendant followed the provisions of the contract, as well as the plaintiff, until the parties had a falling out. . . . . There was sufficient evidence to authorize the trial court, sitting in a fact-finding capacity, to determine that the defendant agreed to the terms of the contract and was bound thereby.").

*Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982). See, e.g., *Landford v. Orkin Exterminating Co.*, 266 Ga. App. 228, 229 (1) (597 SE2d 470) (2004) (finding arbitration provision in unsigned contract enforceable, where parties ratified contract through performance).

Here, however, the trial court focused on whether the person who signed the Representation Agreement could be identified, and did not continue its inquiry into whether the relevant circumstances demonstrated mutual assent to the contract. Failing to reach that pertinent issue was error. We thus vacate the judgment as to that aspect to allow the trial court, on remand, to resume proceedings not inconsistent with this opinion.[5]

(e) Morgan & Morgan Jacksonville contends that "[t]he trial court erred to the extent it denied [the] Motion to Compel Arbitration based on [Brian Brown's]

---

[5] "This Court reviews the grant or denial of a motion to compel arbitration de novo to see if the trial court's decision is correct as a matter of law; but we defer to the trial court's factual findings unless they are clearly erroneous." *Smith v. Adventure Air Sports Kennesaw*, 357 Ga. App. 1, 1 (849 SE2d 738) (2020). Here, because the order shows that the trial court stopped short of reaching relevant issues, we remand this case for the trial court to complete its analysis in the first instance. See generally *Norman v. Xytex Corp.*, 310 Ga. 127, 138 (2) (e) (848 SE2d 835) (2020) (instructing that when reviewing the propriety of a ruling on a motion to dismiss, the Court of Appeals may make determinations pertaining to that motion or may conclude that it would best be done by the trial court in the first instance).

hypothesis that the Representation Agreement could be viewed as an employment agreement [under OCGA § 9-9-2 (c) (9)], and that the arbitration provision therein had to be initialed."

The trial court noted the parties' disagreement on the issue whether the arbitration clause was rendered unenforceable by OCGA § 9-9-2 (c) (9), but did not rule on that issue. Therefore, on remand, that issue remains for the trial court to resolve in the first instance.[6]

*Case No. A24A0921*

2. Morgan & Morgan Atlanta contends that the trial court erred by denying its motion to dismiss under OCGA § 9-11-12 (b) (6).

> A complaint in a civil action generally must contain "[a] short and plain statement of the claims showing that the pleader is entitled to relief[,]" OCGA § 9-11-8 (a) (2) (A), and claims in the complaint may be dismissed for failure to state a claim if: (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

---

[6] See generally *Norman*, 310 Ga. at 138 (1) (e).

A corollary to these concepts is that, (1) although the complaint need not anticipate affirmative defenses, if the allegations on the face of the pleadings support the defense as a matter of law and show that the claimant would not be entitled to relief, the trial court is authorized to dismiss for failure to state a claim. See *Murrey v. Specialty Underwriters, Inc.*, 233 Ga. 804, 807-08 (213 SE2d 668) (1975) ("However, it has been held that some affirmative defenses may properly be raised by a motion to dismiss if the facts are admitted or are not controverted or are completely disclosed on the face of the pleadings and nothing further can be developed by a trial of the issue."). See also *Speedway Motorsports, Inc. v. Pinnacle Bank*, 315 Ga. App. 320, 323 (1) (727 SE2d 151) (2012) ("Consequently, if the facts alleged in the complaint affirmatively prove a defense, a court may dismiss the complaint based upon the defense . . . .").

(Citations and punctuation omitted.) *Spann v. Davis*, 312 Ga. 843, 845-846 (1) (866 SE2d 371) (2021).

(a) Morgan & Morgan Atlanta contends that the trial court erred by denying its motion to dismiss the entirety of the complaint, maintaining that it is not a proper defendant because it had no attorney-client relationship with either Brian Brown or Veronica Brown.[7]

---

[7] See *Estate of Nixon v. Barber*, 340 Ga. App. 103, 105 (1) (796 SE2d 489) (2017) ("In a legal-malpractice case, a plaintiff has the burden of proving the three elements

Morgan & Morgan Atlanta cites that the Representation Agreement denotes "Morgan & Morgan Jacksonville" as the entity retained as counsel. It also cites affidavit testimony given by Brian Brown that the contract of engagement he entered was with Morgan & Morgan Jacksonville. Accordingly, Morgan & Morgan Atlanta maintains, the trial court erred by refusing to dismiss the complaint for failure to state a claim.

In pointing a finger at Morgan & Morgan Jacksonville as the proper defendant, Morgan & Morgan Atlanta admittedly relied on affidavit testimony. And the record shows that in opposing Morgan & Morgan Atlanta's motion, the Browns adduced documents that they claimed authorized a finding that they had indeed named the correct defendant. As the Browns argued in the trial court,

---

of such an action: (1) employment of the defendant attorney (i.e., the plaintiff had an attorney-client relationship with the attorney); (2) failure of the attorney to exercise ordinary care, skill, and diligence; and (3) that the attorney's negligence was the proximate cause of the plaintiff's damages."); *Ansley Marine Constr. v. Swanberg*, 290 Ga. App. 388, 391 (1) (660 SE2d 6) (2008) ("[A] claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.") (punctuation and footnote omitted). The complaint indicates that the breach of fiduciary duties count hinges, in part, on the existence of the (alleged) attorney-client relationships.

While the name of Morgan & Morgan Jacksonville, PLLC does appear on the initial contract, there are many sets of provable facts that would allow Plaintiffs to recover from the Defendant in this action. (See *Paul and Suzie Schutt Irrevocable Family Trust v. NAC Holding, Inc.*, 283 Ga. App. 834 (2007), ruling that Complaints should only be dismissed if the allegations reveal with certainty that relief cannot be granted "under *any state of provable facts*[.]"). (Emphasis added)). As examples, the document could be shown to have been pulled from a generic document bank maintained by the conglomerate of Morgan & Morgan offices, or it can be shown that there was a typo committed by whomever drafted the document (potentially the non-lawyer alleged to have engaged in the unlicensed practice of law). Interestingly, it is even questionable that Morgan & Morgan Atlanta, PLLC and Morgan & Morgan Jacksonville, PLLC are separate and distinct entities as they share a Tax Identification Number. (See Business Report, attached hereto as Exhibit A). These are issues/theories that will be proven or potentially disproven through discovery, but they should not be decided at this stage.

The Browns additionally argued in opposition to Morgan & Morgan Atlanta's motion,

There is also uncertainty as to [what lawyer] actually signed the contract. . . . Defendant claims this is immaterial, but it speaks to the fundamental element of all contracts: the identity of the parties. If the signature belongs to an attorney working for [Morgan & Morgan Atlanta], then at a minimum there is uncertainty as to what entity actually entered into the agreement.

Without deciding whether Morgan & Morgan Atlanta's motion to dismiss was converted into a motion for summary judgment,[8] we conclude that Morgan & Morgan Atlanta has failed to demonstrate reversible error. Accepting arguendo Morgan & Morgan Atlanta's position that its motion was proper for decision only under OCGA § 9-11-12 (b) (6) (dismissal for failure to state a claim), we find no basis for disturbing the denial. As noted above, for purposes of a motion to dismiss a complaint for failure to state a claim, we accept as true "all well-pled material allegations in the complaint and [resolve] any doubts in favor of [the plaintiffs]." *Greene County School Dist. v. Circle Y Constr.*, 291 Ga. 111, 112 (728 SE2d 184) (2012). Here, the Browns' complaint alleged that Morgan & Morgan Atlanta was the entity that harmed them. And while Morgan & Morgan Atlanta's answer and motion, together with any document properly considered as an attached exhibit,[9] may have created some doubt as to the

---

[8] For discussions on the conversion of a motion to dismiss into a motion for summary judgment, see cases such as *Cox Enterprises v. Nix*, 273 Ga. 152, 153-154 (538 SE2d 449) (2000); *Morrell v. Wellstar Health Sys.*, 280 Ga. App. 1, 2 (1) (633 SE2d 68)(2006); and *Simmons v. Brady*, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001). But see also *Hart v. Sullivan*, 197 Ga. App. 759, 761 (1) (399 SE2d 523) (1990) (noting that "a trial court is statutorily entitled to exclude from its consideration of a motion to dismiss matters such as affidavits").

[9] See OCGA § 9-11-10 (c) (providing that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

proper defendant, we cannot say that Morgan & Morgan Atlanta met the above standard for the grant of a motion to dismiss for failure to state a claim. See OCGA § 9-11-12 (b) (6); *Spann*, 312 Ga. at 845-846 (1).

To the extent that Morgan & Morgan Atlanta's motion was viewed as presenting a question of entitlement to summary judgment,[10] the firm has presented no legal analysis therefor on appeal. Any challenge to the ruling as the improper denial of a motion for summary judgment is thus deemed abandoned. See *Estate of Nixon v. Barber*, 340 Ga. App. 103, 110 (2) (796 SE2d 489) (2017); Court of Appeals Rule 25 (a) (7), (d) (1).

(b) Morgan & Morgan Atlanta contends that the trial court erred by denying its motion to dismiss the complaint as to Veronica Brown, pointing out that the complaint expressly alleged substantive counts of recovery of professional negligence and breach of fiduciary duties. Morgan & Morgan Atlanta points out further that the complaint contains no allegation that Veronica Brown signed an engagement

---

[10] See OCGA § 9-11-56 (c) (providing that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

agreement with it *or* with Morgan & Morgan Jacksonville. Thus, Morgan & Morgan Atlanta posits that the complaint demonstrates that Veronica Brown had no attorney-client relationship of her own with either law firm. The law firm cites *Estate of Nixon*, 340 Ga. App. at 109 (1), for the proposition that "an attorney-client relationship is personal, not vicarious." See generally *Crane v. Albertelli*, 264 Ga. App. 910, 910-911 (1) (592 SE2d 684) (2003).

We cannot say at this juncture that the trial court erred in rejecting the above challenge. The complaint contains allegations that "Plaintiffs sought and obtained representation from Morgan & Morgan for his interests as they related to this car wreck," that "Defendant Morgan & Morgan . . . failed to advise Plaintiffs"; and that "Plaintiffs have been injured and have suffered damages for which they are entitled to recover." Moreover,

> [t]he relationship of attorney-client may be expressly created by written contract, or may be inferred from the conduct of the parties. Although generally, the test of employment is the fee, the basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established that advice or assistance of the attorney is both sought and received in matters pertinent to his profession.

25

(Citations and punctuation omitted.) *Huddleston v. State*, 259 Ga. 45, 46-47 (1) (376 SE2d 683) (1989); *Garrett v. Fleet Fin.*, 252 Ga. App. 47, 51-52 (2) (556 SE2d 140) (2001) (same).

"[T]he objective of the Civil Practice Act is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; *the discovery process bears the burden of filling in details*." (Citation and punctuation omitted; emphasis in original.) *Depository Trust & Clearing Corp. v. Jones*, 348 Ga. App. 474, 477 (1) (823 SE2d 558) (2019). As the Supreme Court has expounded, "[a] complaint need only give fair notice of the claim, and a motion to dismiss should be granted only when the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts *that could be proved in support of the claim*." (Citations and punctuation omitted; emphasis supplied.) *Norman*, 310 Ga. at 138 (2) (e).

Because Morgan & Morgan Atlanta has not shown merit in this contention, we affirm this aspect of the judgment.

3. Finally, Morgan & Morgan Atlanta contends that the trial court erred by denying its motion to compel arbitration, advancing arguments pursued by Morgan & Morgan Jacksonville that we have addressed in Division 1, supra.

(a) Morgan & Morgan Atlanta argues that, to the extent that the trial court's denial of its motion was due to Brain Brown's virtual signing of the agreement, such denial was error. Under our analysis set forth in Division 1 (a), supra, we agree and thus reverse that aspect of the trial court's judgment.

(b) Morgan & Morgan Atlanta argues that, to the extent that the trial court denied its motion on a determination that the agreement was unconscionable, such denial was error. Under our analysis set forth in Division 1 (b), supra, we agree and thus reverse that aspect of the trial court's judgment.

(c) Morgan & Morgan Atlanta contends that, to the extent that the trial court denied its motion because "Morgan & Morgan, Jacksonville, PLLC [was] an unregistered entity at the time [the Representation Agreement] was executed," such denial was error. Under the analysis set forth in Division (1) (c), we agree and thus reverse that aspect of the trial court's judgment.

(d) Morgan & Morgan Atlanta contends that the trial court erred by denying its motion on grounds that it could not identify the particular individual who signed the Representation Agreement of behalf of the law firm. Under the analysis set forth in Division 1 (d), supra, the trial court should have continued its inquiry into whether the circumstances demonstrated the requisite mutual assent. We thus vacate the judgment in this regard to give the trial court, on remand, an opportunity to complete its analysis.

(e) Morgan & Morgan Atlanta contends that the trial court erred to the extent it denied its motion based on the Browns' hypothesis that the Representation Agreement could be viewed as an employment agreement under OCGA § 9-9-2 (c) (9) and thus had to be initialed.

The trial court noted the Browns' challenge to the arbitration agreement in this regard, but it appears that the trial court did not rule on that issue. Therefore, on

remand, that issue remains for the trial court to resolve in the first instance.[11]

*Judgment affirmed, vacated, and reversed in part in Case No. A24A0921; judgment vacated and reversed in part in Case No. A24A0922; and cases remanded. Gobeil and Pipkin, JJ., concur.*

---

[11] See generally *Norman*, 310 Ga. at 138 (1) (e).